SALVADOR SÁNCHEZ RAMOS, demandante y peticionario, *v.* MERCEDES TROCHE TORO, demandada.

*Número:* O-80-434    *Resuelto:* 19 de junio de 1981

Ambas partes comparecieron conjuntamente como peticionarios *pro se.*

PER CURIAM:   Salvador Sánchez Ramos radicó demanda de divorcio fundada en la causal de separación contra su esposa Mercedes Troche Toro ante la Sala de San Juan del Tribunal Superior. Emplazada la demandada, compareció en autos aceptando todos los hechos de la demanda; y practicada la prueba dictóse sentencia el 17 de octubre de 1974 disolviendo el vínculo matrimonial, en la que se fijó al padre demandante una pensión alimenticia de

$500 ([1]) para los hijos menores de edad procreados en el matrimonio llamados Salvador, Luisito y Juan Carlos quienes quedaron bajo la patria potestad y custodia de la madre.

Transcurridos casi seis años, en junio de 1980 ambos ex-cónyuges presentaron en instancia por derecho propio una moción solicitando enmienda de la sentencia que consta de dos párrafos que transcribimos:

PRIMERO: El Tribunal dictó sentencia en este caso el día 17 de octubre de 1974 y la misma dispuso en concepto de pensión alimenticia la suma de $500., que debería satisfacer por adelantado el demandante para sus hijos.

SEGUNDO: Las partes quieren hacer constar que en dicha sentencia se cometió un error por cuanto, la cantidad de pensión alimenticia era de $600., $400 para Mercedes Troche Toro y $200 para los menores habidos en el matrimonio, . . . .

Desestimada la moción por el Tribunal Superior, los ex-cónyuges recurrieron en *certiorari* y expedimos el auto el 13 de noviembre de 1980.

El propósito insinuado de la enmienda solicitada es ajustar los términos de la sentencia a las planillas de contribución sobre ingresos de estas personas permitiéndole al ex-marido excluir de su ingreso bruto los $400 asignados a la mujer en la propuesta distribución según lo autoriza la Sec. 22(k)([2]) de la Ley de Contribución sobre

---

([1]) La sentencia no indica si el pago sería por semana, quincena o mes.

([2]) Sec. 22(k).— *"Ingreso por Concepto de Pensiones Alimenticias.*— En el caso de una esposa legalmente separada de su esposo por sentencia de divorcio y en el caso de una esposa que, por razón de encontrarse separada de su esposo, venga obligada, de acuerdo a lo dispuesto en la sec. 3051(b)(2) de este título, a rendir planilla separadamente, los pagos periódicos, fueren o no efectuados a intervalos regulares, recibidos con posterioridad a dicha sentencia o a dicha separación, en cumplimiento de una obligación legal, o atribuibles a propiedad transmitida en fideicomiso o en cualquier otra forma en cumplimiento de dicha obligación legal que, debido a la relación marital y familiar, fuere impuesta a o incurrida por dicho esposo bajo tal sentencia o bajo un documento por escrito incidental a dicho divorcio en el caso de que haya mediado divorcio, o bajo convenio entre las partes que figure en escritura pública, en el caso de que

Ingresos de 1954 (13 L.P.R.A. sec. 3022(k)). Sin la enmienda, el contribuyente no puede hacer deducción alguna por alimentos de sus hijos, prohibida en la Sec. 24(a)(3) de la Ley, 13 L.P.R.A. sec. 3024(a).

Por regla general los tribunales deben resistirse a alterar sus pronunciamientos finales y firmes para no inquietar la estabilidad y certeza del derecho. Es contrario a esa certeza y al orden público dejar al arbitrio de las partes litigantes por tiempo indefinido la enmienda de una sentencia y aprobar su pacto dirigido a modificar el estado de derecho, que respondió en su día a una realidad vital, para acomodarlo a eventos y desarrollos post sentencia.

Tiene resuelto este Tribunal que la moción para relevar a una parte de una sentencia por error o inadvertencia (hoy Regla 49.2) debe radicarse dentro de un término razonable, el cual no podrá exceder de seis meses a partir de la fecha en que la sentencia fue dictada. *Great Amn. Ins. Co.* v. *Corte*, 67 D.P.R. 564 (1947); *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961 (1953); *Alcázar* v. *Corte*, 67 D.P.R. 727 (1947). El término de seis meses es fatal en su acción extintiva de derecho. *Sec. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864, 867 (1965); *Municipio de Coamo* v. *Tribunal Superior*, 99 D.P.R. 932, 937 (1971). La Regla 49.2 es categórica en su disposición de que la moción "se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia . . ." y el término

---

solamente haya mediado separación, serán incluibles en el ingreso bruto de dicha esposa, y no serán incluibles en el ingreso bruto del marido. Este apartado no será aplicable a aquella parte de cualquier pago periódico que la sentencia o el documento o la escritura pública, según fuere el caso, fijaren en términos de una suma de dinero o de una parte proporcional del pago, como una cantidad pagadera para el sostenimiento de hijos menores del marido." 13 L.P.R.A. sec. 3022(k).

(3) Sec. 24. "*Partidas no deducibles*

"(a) Regla general.—Al computarse el ingreso neto no se admitirán en caso alguno deducciones con respecto a:

"(1) Gastos personales, de subsistencia, o de familia, excepto gastos por asistencia médica deducibles bajo la sec. 3023(x) de este título."

no ha variado desde que regía este materia el Art. 140 del Código de Enjuiciamiento Civil.

La sala de instancia carecía de facultad para conocer y adjudicar la moción de los recurrentes. *Se anula el auto expedido, y se confirma la decisión recurrida.*

Los Jueces Asociados Señores Irizarry Yunqué y Negrón García concurren en el resultado sin opinión.

