# 99 DTA 208

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL V

LARISSA FONSECA SALICETI
Apelante

v.

RICARDO HERNANDEZ RIVERA
Apelado

Núm. KLAN-99-00290

San Juan, Puerto Rico, a 11 de junio de 1999

Panel integrado por su Presidente, Juez Ramón Negrón Soto
y los Jueces Antonio J. Negroni Cintrón y Jorge Segarra Olivero

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Larissa Fonseca Saliceti acude ante nos para que revoquemos una sentencia dictada el 8 de febrero de 1999 y archivada en autos el 22 de febrero siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce (Hon. Eliadís Orsini Zayas) en el caso JPD-98-0126. Mediante ese dictamen, el tribunal apelado desestimó con

perjuicio y al amparo de lo dispuesto en la Regla 4.3(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. ■ la demanda que había instado contra los apelados.

Los apelados presentaron sus alegatos, por lo que estamos en condiciones de dictaminar.

Estudiados los planteamientos de las partes, los documentos incluidos en los respectivos apéndices de los alegatos y nuestra resolución en el recurso de *certiorari* Núm. KLCE-98-01226 que dispuso de una controversia entre las mismas partes relacionada con la que presenta este recurso, revocamos la sentencia apelada.

Expongamos detalladamente el trasfondo procesal pertinente.

## I

El 13 de marzo de 1998, la apelante Larissa Fonseca Saliceti presentó una demanda contra los apelados reclamando compensación por los daños y perjuicios que alegadamente éstos le habían causado al despedirla injustificadamente, al discriminar en su contra por razón de sexo y haberla hostigado sexualmente. A esta demanda se le asignó el número JDP-98-0126. El 18 de marzo del mismo año se expidieron los emplazamientos de esta causa, pero nunca fueron diligenciados.

El 14 de abril de 1998, la apelante presentó una segunda demanda contra los mismos apelados y a ésta se le asigno el número JPE-98-0276. Dos días más tarde, el 16 de abril de 1998, y con el interés de desistir voluntariamente y sin perjuicio de la primera demanda que había presentado el 13 de marzo de 1998, la apelante presentó una solicitud a esos efectos. No obstante, presentó equivocadamente la moción en el pleito número JPE-98-0276 en el pleito número JDP-98-0126.

Así promovido, el 23 de abril de 1998, el tribunal de instancia emitió sentencia permitiendo el desistimiento voluntario y sin perjuicio en el pleito número JPE-98-0276. Como los apelados no habían comparecido ante el foro de instancia al momento de dictarse la sentencia, no fueron notificados de ésta. Debido a ello, al ser emplazados en el caso numero JPE-98-0276 entre el 16 de abril y el 25 de mayo de 1998, los apelados presentaron una moción asumiendo la representación legal y otra solicitando término adicional para presentar la contestación a la demanda, sin someterse a la jurisdicción del tribunal de instancia. Al resolver estas mociones, el 19 de mayo de 1998, el foro de instancia emitió una orden en la cual informó de la existencia de la sentencia del 23 de abril de 1998 permitiendo el desistimiento.

Notificada de esta resolución y percatada de su error, el 22 de junio de 1998, la apelante presentó un escrito titulado Moción Sobre la Corrección de la Sentencia y Reconsideración, informándole al tribunal de instancia que había cometido un error al desistir del pleito número JPE-98-0276 y que realmente interesaba desistir del primer caso, el número JDP-98-0126. Solicitó que se le permitiera continuar con los procedimientos en el pleito número JPE-98-0276.

Mediante resolución emitida el 26 de junio de 1998 y notificada el 13 de julio del mismo año, el tribunal de instancia dejó sin efecto la sentencia de desistimiento del 23 de abril. Los apelados se opusieron alegando que el tribunal *a quo* carecía de jurisdicción para considerar la moción de reconsideración, pues había sido presentada tardíamente y que la sentencia del 23 de abril ya había advenido final y firme. El 13 de agosto de 1998 el mismo foro dictó otra Resolución en la que expresó que iba a posponer el planteamiento jurisdiccional que los apelados habían formulado e instruyó a la apelante a que le notificara a éstos los escritos que anteriormente había presentado, pues no lo había hecho. ■

El 14 de agosto de 1998, los apelados presentaron una moción en la cual le solicitaron al tribunal *a quo* que

anulara toda actuación en el caso, ya que a ellos no se les había notificado la moción de reconsideración, por lo que estimaban que el caso permanecía cerrado. Posteriormente, el 2 de septiembre de 1998, los apelados presentaron un escrito titulado Moción en Solicitud de Restablecimiento de Orden en la que formularon nuevamente el planteamiento jurisdiccional.

Mediante resolución del 10 de septiembre de 1998 y notificada el 16 siguiente, el tribunal de instancia resolvió que se reafirmaba en el dictamen que había emitido el 9 de septiembre de 1998, copia del cual no fue sometido en el apéndice.

Inconforme con ese dictamen y como antes indicamos, los apelados instaron el recurso de *certiorari* número Núm. KLCE-98-01226 ante este Foro Apelativo. Plantearon que *"[e]l Tribunal de Instancia carec[ía] de jurisdicción para dilucidar la controversia planteada en este caso."*

Al denegar el recurso, resolvimos que los apelados no tenían razón y dispusimos lo siguiente:

*"La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, permite que se considere una moción de reconsideración como una de relevo de sentencia, aún después de haber transcurrido el término para considerar las mociones de reconsideración o aún después de haber advenido final y firme la sentencia, si dicha moción cumple con los requisitos establecidos en la Regla. Pagán Navedo v. Hon. Rivera Sierra, Op. del 30 de mayo de 1997, 97 J.T.S. 76."*

Una lectura de la moción que presentara la recurrida revela sin dificultad que ésta cumple con los requisitos de la Regla 49.2 de las de Procedimiento Civil, *supra*. Fue presentada dentro del término de seis meses requerido. *Sánchez Ramos v. Troche Toro,* 111 D.P.R. 155 (1981). Expone, además, hechos suficientes que demuestran que fue debido a error o inadvertencia excusable de la representación legal de la recurrida que se solicitó el desistimiento voluntario del caso equivocado, lo que coloca la situación dentro del motivo establecido en el inciso (1) de la Regla, el que permite el relevo de una sentencia cuando la parte haya incurrido en error, inadvertencia o negligencia excusable, así como cuando se le haya sorprendido. Finalmente, resulta evidente que los peticionarios acudieron al foro de instancia tan pronto se percataron de su error.

En esas circunstancias, el foro recurrido actuó correctamente al acoger la moción de reconsideración como una de relevo y proceder a dejar sin efecto la sentencia de desistimiento dictada, al amparo de la Regla 49.2 de las de Procedimiento Civil, *supra*.

Ahora bien, aunque la resolución que emitimos evidentemente tenía efecto sobre el pleito número JPE-98-0276, pues permitía que éste continuara activo, nuestro dictamen no tuvo el efecto de decretar el desistimiento de la causa presentada en el caso número JDP-98-0126. Le correspondía a la apelante formular ese pedido en este caso. Inexplicablemente no lo hizo. En su escrito ante nos, indica que creyó que la moción de desistimiento que original y equivocadamente presentó en el caso número JPE-98-0276 sería transferida automáticamente al caso JDP-98-0126.

Así las cosas, el 11 de enero de 1999, los co-apelados, Ricardo Hernández, Gilberto Cuevas y Zulma Martínez, comparecieron en el caso número JDP-98-0126 mediante moción solicitando la desestimación con perjuicio y sin someterse a la jurisdicción. Alegaron que como la demanda se presentó el 13 de marzo de 1998 y los emplazamientos expedidos nunca fueron diligenciados, procedía la desestimación de la demanda con el número JDP-98-0126 al amparo de la Regla 4.3(b) de las de Procedimiento Civil, *ante*. El 11 de febrero de 1999, los co-apelados, Pedro Meléndez y Marilyn Aponte, presentaron una moción solicitando similar remedio.

El 25 de enero de 1999, la apelante se opuso. Ofreció una breve explicación de lo sucedido, acompañó copia de las mociones a que se hace referencia en el caso JPE-98-0276 y solicitó formalmente el desistimiento voluntario sin perjuicio. Expuso que de no permitirse el desistimiento, le afectaría el caso JPE-98-0276. Esta moción fue unida al caso JPE-98-0276 que era atendido por una sala diferente a la que atendía el caso JDP-98-0126 objeto de esta apelación.

El 8 de febrero de 1998, la Hon. Eliadís Orsini Zayas dictó la sentencia de desestimación con perjuicio en el caso JDP-98-0126, amparándose en lo dispuesto en la Regla 4.3 (b) de Procedimiento Civil, *ante*, pero sin el beneficio de la Moción de Réplica a Moción de Desestimación con Perjuicio que había presentado la apelante y que por equivocación de la Secretaría del tribunal apelado había sido unida al caso número JPE-98-0276. La moción le fue referida el 24 de febrero de 1999.

Sin percatarse del trámite procesal de los antes referidos pleitos, el 5 de marzo de 1999, el tribunal apelado (Hon. Eliadís Orsini Zayas) denegó la moción de Reconsideración y Solicitud de Relevo de Sentencia presentada por la apelante el 1ro. de marzo de 1999. [3]

En su escrito, la apelante le imputa al tribunal de instancia la comisión de los siguientes errores:

*"[E]mitir la Sentencia de Desestimación con Perjuicio a tenor con la Regla 4.3 de las de Procedimiento Civil por no ajustarse a la realidad de los hechos.*

*[N]o ejercer adecuadamente su discreción al rehusar reconsiderar su decisión de dar por desistida la acción de la demandante, pudiéndose catalogar su acción como un abuso y arbitrariedad."*

Por los fundamentos que a continuación exponemos, procede que revoquemos la sentencia apelada.

## II

La Regla 4.3(b) de Procedimiento Civil, *ante*, autoriza que el tribunal estime desistida una demanda cuyos emplazamientos no se hayan diligenciado dentro del término de seis (6) meses que para ello establece, a menos que sea prorrogado por el tribunal previa mostración de justa causa. La propia Regla dispone que el desistimiento será con perjuicio.

En la causa que nos ocupa, no está en discusión que la sala que atendía el pleito número JDP-98-0126, de primera intención, tuvo razón al concluir que en ese caso no se habían emplazado a los demandados dentro del término de seis (6) meses. Así las cosas, para el 8 de febrero de 1999 se justificaba que la sala apelada emitiera la sentencia estimando desistido con perjuicio la acción pendiente, al amparo de lo dispuesto en la Regla 4.3(b). Ciertamente, la apelante cometió un error de juicio al pensar que como resultado de nuestro dictamen en el recurso de *certiorari* Núm. KLCE-98-01226 la moción de desistimiento que equivocadamente presentó en el pleito número JPE-98-0276 sería transferida automáticamente al caso número JDP-98-0126, el pleito del cual realmente siempre quiso desistir.

No obstante, como el 22 de febrero de 1999, la sentencia aludida le fue notificada, el 1 de marzo del mismo año la apelante presentó una moción de reconsideración y de relevo de sentencia en la que le informó, por primera vez, a la sala que atendía el caso número JDP-98-0126 el trasfondo fáctico expuesto en la parte primera de esta sentencia. A base de ello le solicitó que modificara su sentencia para que el desistimiento decretado fuera sin perjuicio. A partir de ese momento y toda vez que había sido informado de los pormenores indicados, la sala del tribunal de instancia que atendía este último caso debió relevarla del desistimiento con perjuicio que había decretado al amparo de la Regla 4.3(b) de Procedimiento Civil, *ante*. La moción que presentó la apelante y que

519

hemos examinado explicaba con detalles suficientes lo que había sucedido en ambos casos y lo que fue adjudicado por este Tribunal en el recurso de *certiorari* Núm. KLCE-98-01226.

De tener alguna duda, una mera lectura de los expediente JDP-98-0126 y JPE-98-0276 y de la resolución que emitimos en el recurso Núm. KLCE-98-01226 hubiera confirmado, sin dificultad alguna, el error que cometió la abogada de la apelada al presentar la moción de desistimiento en la causa equivocada; hubiera demostrado que es cierto que la apelante siempre interesó desistir del primer pleito que presentó (el JDP-98-0126), antes de que los apelados fueran emplazados en el primer caso y hubiera constatado que la apelante solicitó en tiempo el desistimiento voluntario de la causa número JDP-98-0126, pero que por un error excusable de su parte no presentó la moción en el expediente de este caso.

Ante ese cuadro fáctico, la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, le proveía un mecanismo procesal post-sentencia para impedir que tecnicismos y sofisticaciones frustraran los fines de la justicia y le negaran a la apelante su día en corte. *Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445 (1977). Le confería facultad para dejar sin efecto una sentencia de desestimación de una demanda por causa justificada y bajo las condiciones que considerara justas de conformidad con esta Regla. *Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817 (1980). Permitía que relevara a la parte apelante y a su representante legal de una sentencia debido a un error, inadvertencia o negligencia claramente excusable, *Murphy Lugo v. Atlantic Southern Ins. Co.,* 91 D.P.R. 335 (1964), máxime cuando la apelante había presentado prontamente su moción y dentro del término de seis meses requerido. *Sánchez Ramos v. Troche Toro,* 111 D.P.R. 155 (1981).

Debido a ello y examinadas las circunstancias especiales presentes en la causa de autos, concluimos que la sala apelada no actuó correctamente al negarse a dejar sin efecto la sentencia apelada. El error o negligencia de la representación legal de la parte apelante fue excusable y justificaba que se dejara sin efecto la sentencia o que se modificara para permitir que el desistimiento decretado fuera sin perjuicio. Así lo corroboraba sin dificultad el examen de los expedientes y de nuestra resolución.

### III

Ello es cónsono con lo dispuesto con la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta dispone que las reglas que rigen todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia se interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento. Está en armonía con la norma que requiere que en la resolución de un pleito, un tribunal no permita que prevalezcan consideraciones técnicas en detrimento de la justicia sustancial, interpretando liberalmente las Reglas de Procedimiento Civil. *Pérez Cruz v. Fernández,* 101 D.P.R. 365 (1973).

A la luz de esta perspectiva y tal y como expresamos en nuestra resolución del 22 de enero de 1999 adjudicando el recurso Núm. KLCE-98-01226, la apelante siempre ha querido desistir de la acción interpuesta bajo el número JDP-98-0126. El error de su abogada fue identificar equivocadamente el número del caso y no debe penalizarse a la parte por este error o negligencia excusable.

El efecto de mantener incólume la sentencia apelada es devastador para la apelante. El desistimiento decretado es con perjuicio e impediría que la acción bajo el número JPE-98-0276 pueda continuar tramitándose. En efecto se privaría a la apelante de su día en corte y la causa no se podría ventilar en los méritos por esta razón. La justicia sustancial no lo permite.

De no haber incurrido en el error antes indicado, la representación de la apelante hubiera podido desistir de la primera demanda, ya que un demandante tiene el derecho a desistir por su propia voluntad, mediante una simple solicitud al secretario, sin notificación a la otra parte y sin intervención del Juez antes de la notificación

por el demandado de la contestación o de una moción solicitando sentencia sumaria, la que se notifique primero. *De la Matta v. Carreras,* 92 D.P.R. 85 (1965). Este derecho del demandante es absoluto, siempre que dicha acción no sea de un pleito de clase, y el desistimiento se ejercite antes de la notificación de una moción sobre sentencia sumaria o de la contestación. Causa la inmediata terminación del litigio que se inició, que las cosas vuelven al estado de derecho anterior al comienzo del pleito y provoca que la causa de acción o reclamación ejercitada no se extinga, pudiendo reclamarse la misma en el futuro. *Kane v. República de Cuba,* 90 D.P.R. 428 (1964).

Por el contrario, si el desistimiento es con perjuicio, salvo declaración en contrario por el tribunal, constituye una adjudicación en los méritos con fuerza de cosa juzgada que impide una acción ulterior sobre el mismo asunto.

Esta sería la consecuencia injusta de mantenerse en todo vigor el dictamen apelado.

Por los fundamentos antes expuestos, modificamos la sentencia apelada para que el desistimiento decretado en el caso JPE-98-0126 sea sin perjuicio y, así modificado, se confirma.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 208

**1.** *"(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio."*

**2.** Se refería a la moción de reconsideración que mencionamos anteriormente.

**3.** El 8 de marzo de 1999, la apelante presentó Moción de Consolidación y/o Sobre Demanda Enmendada y Complementaria a Moción de Reconsideración y Solicitud de Relevo de Sentencia del 1 de marzo de 1999, la que también fue denegada el 15 de marzo de 1999.