Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| FIDEICOMISO CRESPO SANTIAGO <br><br> Demandante - Apelante <br><br> v. <br><br> OSCAR CRESPO QUIÑONES <br><br> Demandada – Apelado | KLAN202300100 | Apelación **-se acoge como *Certiorari*-** procedente del Tribunal de Primera Instancia, Sala de San Juan <br><br> Caso núm.: SJ2019CV02123 <br><br> Sobre: Desahucio en Precario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Varios años luego de que el Tribunal de Primera Instancia dictara una sentencia en el 2019, la cual fue producto de una transacción y la cual advino final y firme, dicho foro relevó a una de las partes del compromiso contraído a través de la referida transacción. Según se explica en detalle a continuación, erró el TPI al así actuar, pues ya había transcurrido el término de seis meses para conceder el relevo solicitado y, de todas maneras, no se acreditó que dicho relevo procediera en las circunstancias particulares de este caso.

I.

En marzo de 2019, el Fideicomiso Crespo Santiago (el "Demandante") presentó la acción de referencia, sobre desahucio en precario (la "Demanda"), en contra del Sr. Oscar Crespo Quiñones (el "Demandado") y la Sa. Kelly Gutiérrez del Arroyo Vargas (la "Demandada"; ambos, los "Demandados"). En síntesis, el Demandante alegó que era el titular de un apartamento ubicado en Santurce (la "Propiedad") y que los Demandados no pagaban canon de arrendamiento.

Al cabo de varios incidentes procesales, el 20 de marzo, otro fideicomiso (el Fideicomiso Crespo-Quiñones, o el "Interventor") instó una *Solicitud Urgente de Intervención al Amparo de la Regla 21 de Procedimiento Civil*. Sostuvo que existía una controversia real en torno a la titularidad de la Propiedad. Además, informó que se ventilaba otra acción civil, en torno a dicho asunto, en la sala de Ponce del TPI (la "Otra Acción").

Subsecuentemente, las partes llegaron a unos acuerdos, que fueron acogidos por el TPI mediante una *Sentencia,* notificada el 3 de mayo de 2019 (la "Sentencia de 2019"), y dictada de conformidad con los "términos y condiciones" del acuerdo escrito entre las partes (el "Acuerdo"). El TPI unió el Acuerdo a la Sentencia de 2019 y lo hizo formar parte de la misma.

De conformidad con el Acuerdo, los Demandados podrían seguir "ocupando y haciendo uso" de la Propiedad. No obstante, los Demandados pagarían cierta suma hacia el mantenimiento de la Propiedad y consignarían una cantidad adicional en el TPI para beneficio de quien resultase titular a raíz de la adjudicación de la Otra Acción. Además, se acordó que, en el entretanto, no se podía intentar enajenar la Propiedad.

**Más de dos años luego** de notificada la Sentencia, en octubre de 2021, los Demandados presentaron una *Moción Solicitando Dejar sin Efecto Estipulación por Falta de Jurisdicción o Autoridad; y/o (sic) Desestimación por Descarga y por Falta de Legitimación Activa* (la "Primera Moción de Relevo"). Plantearon que, cuando se presentó la Demanda, el Demandado se encontraba cobijado por la paralización automática que surge del Código de Quiebras de los Estados Unidos (el "Código"). Véanse, 11 USC secs. 362 y 922. Añadieron que, el 30 de septiembre de 2021, el Demandado había obtenido una Orden de Descargo (*Order of Discharge*) emitida por la Corte de Quiebras, razón por la cual no se le podía cobrar la reclamación del caso de

referencia. Solicitaron la devolución de todo el dinero que habían consignado de conformidad con los términos del Acuerdo recogido en la Sentencia de 2019.

Oportunamente, el Demandante se opuso a la Primera Moción de Relevo. Resaltó que la Sentencia de 2019 era final y firme y se había dictado como resultado de un acuerdo mediante el cual los Demandados renunciaron a cualquier otra reclamación. Señaló que los Demandados cumplieron con los pagos acordados hasta febrero de 2020 y que la Primera Moción de Relevo se presentó como consecuencia de que el Demandante solicitase, en septiembre de 2021, que se obligara a los Demandados a cumplir con el Acuerdo. Arguyeron que: (i) la Demandada no fue parte del caso de quiebra y (ii) lo dispuesto por la Corte de Quiebras no afectaba las obligaciones contraídas a raíz del Acuerdo, pues este fue posterior a la presentación del caso de quiebra. El Demandante también sostuvo que la Primera Moción de Relevo no cumplía con lo dispuesto en la Regla 49.2 de las de Procedimiento Civil, *infra*.

Mediante una Resolución notificada el 30 de noviembre de 2021 (la "Denegatoria del Primer Relevo"), **el TPI denegó la Primera Moción de Relevo**. El TPI consignó que:

> La parte demandada solicita que se deje sin efecto la sentencia del presente caso por haber sido dictada sin jurisdicción. La sentencia en cuestión recoge un acuerdo entre las partes. La solicitud se fundamenta principalmente en que la sentencia fue dictada a pesar de que los demandados se habían acogido a la protección de la Ley de Quiebras. La parte demandante se opone ya que lo que se solicitó fue el desahucio, no un cobro de dinero y que las rentas que se reclaman surgieron luego de que las partes presentaran la solicitud de quiebra. Habiendo atendido los escritos de ambas partes, así como la totalidad del expediente este tribunal resuelve no ha lugar a la solicitud de dejar sin efecto el acuerdo y por ende la sentencia dictada.

El 2 de diciembre, los Demandados solicitaron la reconsideración de la Denegatoria del Primer Relevo. Esta moción de reconsideración nunca fue adjudicada por el TPI.

De todas maneras, en abril de 2022, los Demandados presentaron un *Escrito Sometiendo Documento y Solicitud de Desestimación* (la "Segunda Moción de Relevo"). Arguyeron que la Demandada era la titular de la Propiedad e hicieron referencia a una tercera acción al respecto ante el TPI (SJ2022CV02362). En la alternativa, plantearon que, ante la existencia de un conflicto de título entre las partes pendiente de dilucidar, no procedía el desahucio, al menos mientras no se resolviera la titularidad de la Propiedad. Solicitaron que se "desestim[ara] el presente caso".

El Demandante se opuso a la Segunda Moción de Relevo. Sostuvo que, independientemente de que lo conste en el Registro de la Propiedad, es el Demandante el titular de la Propiedad. Le recordó al TPI que la Sentencia de 2019 era final y firme, que la misma fue producto de una transacción entre las partes y que los Demandados no han cumplido desde febrero de 2020 con los pagos acordados. Solicitó que el TPI denegase, una vez más, el relevo solicitado, le ordenase a los Demandados cumplir con los pagos acordados y se expidiese una orden de lanzamiento. Los Demandados replicaron y el Demandante duplicó.

Mediante un dictamen denominado *Sentencia,* notificado el 1 de diciembre (el "Dictamen"), el TPI "desestim[ó] la [D]emanda", al razonar que el "desahucio no es el vehículo procesal correcto" para las reclamaciones entre las partes, a la luz del conflicto de titularidad sobre la Propiedad.

El 13 de diciembre, el Demandante solicitó la reconsideración del Dictamen, lo cual fue denegado por el TPI mediante una Resolución notificada el 9 de enero.

Inconforme, el 8 de febrero, el Demandante presentó el recurso de referencia; sostiene que el TPI cometió el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda luego de haber emitido una *Sentencia* el 3 de mayo de 2019, la cual advino final,

firme e inapelable y sin que se cumpliera con las disposiciones que establecen las Reglas de Procedimiento Civil para el Relevo de Sentencia que establece la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, sin llevar a cabo un pleito independiente de nulidad de sentencia.

Luego de que le ordenásemos a los recurridos mostrar causa por la cual no debíamos revocar el Dictamen, los Demandados comparecieron. Arguyeron que debíamos desestimar el recurso porque el Dictamen es una sentencia en un caso de desahucio y el término para apelar la misma es de cinco días. En la alternativa, reprodujeron lo expuesto por ellos al TPI en la Primera Moción de Relevo (la cual, como vimos, hacía tiempo fue denegada por el TPI), relacionado con el proceso de quiebra instado por el Demandado. Resolvemos.

II.

Como cuestión de umbral, concluimos que tenemos jurisdicción para revisar el Dictamen, pues este no constituye, propiamente, una sentencia apelable en un caso de desahucio. En realidad, la reclamación de desahucio quedó desestimada a través de la Sentencia de 2019. En efecto, a través de dicha sentencia se adjudicó la totalidad de la Demanda, sin que el TPI concediera el desahucio solicitado o se proveyera para lanzamiento alguno en caso de algún incumplimiento con los términos del Acuerdo. Por tanto, no cabe hablar de que el Dictamen hubiese dispuesto sobre algún asunto que hubiese quedado pendiente en el caso, por lo que el Dictamen no puede considerarse como una sentencia apelable.

En términos sustantivos, lo único que el TPI hizo a través del Dictamen fue relevar a los Demandados de cumplir con los términos del Acuerdo recogido en la Sentencia de 2019. Se trata, así pues, de la concesión de un relevo bajo la Regla 49.2 de las de Procedimiento Civil, *infra*. Esta determinación, sin embargo, no es revisable vía apelación, sino por la vía de un recurso de *certiorari*.

Por tal razón, el recurso se presentó de forma oportuna y acogemos el mismo como una petición de *certiorari*, aunque se mantiene la clasificación alfanumérica asignada por conveniencia administrativa.

### III.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, dispone como sigue (énfasis suplido):

> Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:
>
> (a) Error, inadvertencia, sorpresa, o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
>
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). **La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento**. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para: (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento; (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y (3) dejar sin efecto una sentencia por motivo de fraude al tribunal....

Así pues, la referida regla establece el mecanismo procesal para solicitar al TPI el relevo de los efectos de una sentencia por las razones enumeradas en esta. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010). Este remedio es discrecional, y le corresponde al tribunal determinar si, bajo las circunstancias específicas del caso, existen razones que justifiquen el relevo. *Íd.*, a la pág. 540.

La Regla 49.2, *supra*, no puede utilizarse "para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación". *Íd.* El mecanismo de relevo de sentencia "no está disponible para *corregir errores de derecho* ni errores de apreciación o valoración de la prueba; estos son fundamentos para reconsideración o apelación, pero no para el relevo". *Íd.*, a las págs. 542-3 (énfasis en el original), citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352.

De igual modo, el término de seis (6) meses de haberse registrado la sentencia para presentar la moción de relevo es fatal. *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981); *Municipio de Coamo v. Tribunal Superior,* 99 DPR 932, 937 (1971). Es decir, transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. *García Colón et al.*, 178 DPR a la pág. 543. Ello así, toda vez que las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido. *Piazza Vélez v. Isla del Río,* 158 DPR 440, 449 (2003).

IV.

Concluimos que, como cuestión de derecho, erró el TPI al relevar a los Demandados de los términos del Acuerdo recogido mediante la Sentencia de 2019. Veamos.

Como cuestión de umbral, la Regla 49.2, *supra*, no permite el relevo solicitado en este caso porque, al presentarse la Primera

Moción de Relevo (y, por supuesto, la Segunda Moción de Relevo), ya había transcurrido el término de seis meses contemplado por la referida disposición. La regla general es que, transcurrido dicho término, la parte que pretende el relevo de una sentencia final y firme tiene, en vez, que presentar un pleito independiente.

De todas maneras, aun si hubiesen sido oportunas las mociones de relevo, las mismas no procedían en cuanto a la Demandada, pues esta nunca siquiera intentó articular una sola razón por la cual el TPI debía relevarle de los términos de la Sentencia de 2019.

En cuanto al Demandado, tampoco se demostró que procedía el relevo solicitado. Aun si la Demanda hubiese estado bajo el alcance de la paralización automática contemplada por la ley federal de quiebra (sin resolverlo aquí, por ser innecesario), la realidad es que el único remedio solicitado por la misma (el desahucio) nunca se concedió por el TPI, por lo cual no cabe hablar de que fuese necesario solicitar el relevo de algo que nunca se le impuso al Demandado.

En lo atinente al compromiso monetario asumido por el Demandado a través del Acuerdo, no se demostró que el mismo hubiese quedado afectado por el ya concluido trámite de quiebra. El Demandado no acreditó, a través de ninguna de las mociones de relevo, que esta deuda realmente hubiese quedado exonerada (*discharged*) como resultado del caso de quiebra. En efecto, no se acreditó que la referida deuda fuese declarada por el Demandado en dicho trámite[1]. Tampoco se acreditó que se tratase de una obligación contraída <u>luego</u> de iniciado el caso de quiebra, lo cual generalmente significa, como bien advierte la propia *Order of*

---

[1] La propia orden de descargo explica que ordinariamente no quedan exoneradas ("discharged") las deudas que no hayan sido declaradas adecuadamente por el deudor. Apéndice a la pág. 230 ("Examples of debts that are not discharged: …. Some debts which the debtors did not properly list …").

*Discharge,* que la misma no queda eliminada como resultado del caso federal. Véase Apéndice a la pág. 230 ("Generally, a discharge removes the debtors' personal liability for debts owed **before** the debtors' bankruptcy case was filed") (énfasis suplido). Por tanto, concluido el caso de quiebras, el TPI actualmente tiene jurisdicción para hacer valer, en contra de ambos demandados, los términos del Acuerdo entre las partes que puso fin al caso de referencia.

V.

Por los fundamentos antes expuestos, se expide el auto solicitado y se revoca el dictamen denominado *Sentencia* y notificado el 1 de diciembre de 2022.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones