Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| NATHANAEL ARROYO MARTÍNEZ | | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Aguadilla |
|---|---|---|
| Apelante | KLAN202400256 | |
| v. | | Caso Núm. AG2023CV01478 |
| MIGUEL MÉNDEZ PÉREZ | | |
| Apelado | | Sobre: LIBELO, CALUMNIA o DIFAMACIÓN |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

I.

El 21 de julio de 2022, el Sr. Miguel Méndez Pérez presentó ante el Tribunal de Primera Instancia una *Petición* de orden de protección en contra del Sr. Nathanahel Arroyo Martínez al amparo de la Ley Núm. 284 de 21 de agosto de 1999, según enmendada, conocida como la Ley contra el Acecho de Puerto Rico.[1] El 14 de octubre de 2022, el foro primario celebró la vista en su fondo y emitió la Orden de Protección solicitada. En ella consignó que, el señor Arroyo Martínez se había presentado en varias ocasiones a la residencia del señor Méndez Pérez y hacía expresiones como "ahí vive la loca, la alcaldesa de Isabela, la come nene". Además, que, este se había presentado en varias actividades oficiales del señor Méndez Pérez y que publicaba constantemente fotos y mensajes denigrantes del señor Méndez Pérez.

En desacuerdo con dicha determinación, el señor Arroyo Martínez presentó un recurso de *Certiorari*.[2] Al denegarlo el 24 de

---

[1] 33 LPRA § 4013 *et. seq.*
[2] Con la identificación alfanumérica KLCE202201231.

Número Identificador

SEN2024_____

enero de 2023, este foro intermedio concluyó que la *Orden de Protección* expedida estuvo apoyada en la evidencia desfilada durante la vista celebrada el 14 de octubre de 2022. Todavía inconforme, el señor Arroyo Martínez acudió, sin éxito, al Tribunal Supremo mediante *Certiorari*.

Así las cosas, el 18 de septiembre de 2023, el señor Arroyo Martínez presentó *Demanda* contra el señor Méndez Pérez por fraude al tribunal, difamación, libelo, declaraciones injuriosas y daños y perjuicios. Alegó que, el señor Méndez Pérez había mentido sobre hechos que eran esenciales para que se le concediera la Orden de Protección. Sostuvo que, de las transcripciones de las vistas celebradas el 21 de julio de 2022 y el 14 de octubre de 2022, surge que el señor Méndez Pérez mintió y que no existía prueba fehaciente que probara sus alegaciones.

Sobre la causa de acción de difamación y libelo, el señor Arroyo Martínez adujo que el señor Méndez Pérez causó una impresión falsa de este ante el Tribunal y que, además, realizó publicaciones sobre la Orden de Protección en páginas cibernéticas con el propósito de difamar y menoscabar su reputación. Por último, sostuvo que las acciones del señor Méndez Pérez habían violado sus derechos civiles. Alegó que le fue prohibido el uso de facilidades municipales y espacios públicos y que se le ha lesionado su derecho de asociarse o desasociarse a una colectividad política y de apoyar u oponerse al candidato de su preferencia. En consecuencia, solicitó compensación de un millón de dólares ($1,000,000.00).

El 5 de octubre de 2023, el señor Méndez Pérez presentó *Moci[ó]n de Desestimaci[ó]n*. Sostuvo que el señor Arroyo Martínez buscaba relitigar la controversia sobre la Orden de Protección bajo la Ley contra el Acecho. Añadió que, le corresponde al Departamento de Justicia radicar cargos criminales por el alegado perjuicio y que este había decidido no hacerlo. Alegó, además, que en este caso

existían tres determinaciones judiciales que eran finales y firmes sobre los mismos hechos y partes del caso, por lo que procedía desestimar al amparo de la doctrina de impedimento colateral por sentencia.

Añadió que, el señor Arroyo Martínez menciona al autor de unas publicaciones y no la había traído al pleito, por lo que faltaba parte indispensable. Finalmente, sostuvo que el tribunal carecía de jurisdicción para atender la *Demanda*, por lo que procedía su desestimación. El 30 de octubre de 2023, el señor Arroyo Martínez presentó su *Réplica a Moción de Desestimación*.

El 12 de febrero de 2024, notificada el 15, el Tribunal de Primera Instancia emitió *Sentencia* desestimando la *Demanda*. Se basó en que, el 14 de octubre de 2022, había emitido una *Orden* al amparo de la Ley contra el Acecho final de la que el señor Arroyo Martínez recurrió, sin éxito, mediante *certiorari* ante ambos foros apelativos. Añadió que, las alegaciones del señor Arroyo Martínez no contienen los elementos necesarios para una acción independiente por fraude al tribunal al amparo de la Regla 49.2 de Procedimiento Civil. Explicó que, el hecho de que el señor Méndez Pérez ofreciera un testimonio más amplio en la vista final no suponía que este hubiese hecho declaraciones falsas, las cuales impidieran que el Tribunal pudiera adjudicar de forma imparcial la querella.

Finalmente, el foro *a quo* señaló que las alegaciones tampoco son suficientes para demostrar que hubo acción por difamación y que las alegadas violaciones a derechos civiles se tratan de consecuencias de la Ley contra el Acecho en Puerto Rico.

El 22 de febrero de 2024, el señor Arroyo Martínez presentó *Moción de Reconsideración*. En la misma fecha, presentó *Moción solicitando Inhibición, Traslado y otros extremos Regla 63 de Procedimiento Civil, Canon 20 de Ética Judicial*. Alegó que el Juez que presidió el caso debió inhibirse por tener afiliaciones políticas

con el partido político al que pertenece el señor Méndez Pérez. El 23 de febrero de 2024 el Foro primario declaró No Ha Lugar la *Reconsideración*.

En desacuerdo todavía, el 15 de marzo de 2024, el señor Arroyo Martínez presentó *Apelación*. Plantea:

**PRIMER ERROR:**
ERRÓ EL TRIBUNAL CUANDO ESTE ES PRECISAMENTE EL CASO QUE ILUSTRA PARDO V. SCN. STELLA, 145 DPR 816, 824(1998) QUE INCLUYE ACTUACIONES CUYO EFECTO FUERON MANCILLAR AL TRIBUNAL DE FORMA TAL QUE NO PUEDA EJERCER SU LABOR DE JUZGAR Y ADJUDICAR DE FORMA IMPARCIAL.

**SEGUNDO ERROR:**
ERRÓ EL TRIBUNAL AL NO ESTIMAR QUE EN MATERIA DE DERECHO PROCESAL, LA DESESTIMACIÓN DE UNA DEMANDA POR RAZÓN DE NO EXPONER UNA CAUSA DE ACCIÓN QUE JUSTIFIQUE UN REMEDIO, CONSTITUYE UNA ACTUACIÓN EXCEPCIONAL. LA NORMA EXIGE QUE LA MISMA SE CONSIDERE EN SUS MÉRITOS, SALVO QUE QUEDE PLENAMENTE EVIDENCIADO QUE EL RECLAMANTE CARECE DE AMPARO LEGAL A LA LUZ DE LOS HECHOS QUE PRESENTA. AUT. TIERRAS V. MORENO & RUIZ, 174 DPR 409 (2008) A LAS PÁGS. 428-429; CLEMENTE V. DEPTO. DE LA VIVIENDA, 114 DPR 763 (1983).

**TERCER ERROR:**
ERRÓ EL JUZGADOR AL NO INHIBIRSE LUEGO DE DESTACARSE QUE ES UN MIEMBRO RECONOCIDO DEL PPD QUIEN ASPIRO A UNA ALCALDÍA; DEBE INHIBIRSE EN TODO CASO QUE TENGA MATICES POLÍTICOS COMO LO ES LA SITUACIÓN DE REFERENCIA.

El 1 de abril de 2024 emitimos *Resolución* concediéndole término de treinta (30) días al señor Méndez Pérez para presentar su alegato en oposición. El 3 de abril de 2024 el señor Méndez Pérez presentó su *Contestaci[ó]n a Apelaci[ó]n*. Señaló que el señor Martínez Arroyo había presentado el recurso de manera frívola, maliciosa e infundada en la búsqueda de continuar relitigando un caso ya adjudicado. El 9 de abril de 2024, el señor Arroyo Martínez presentó *Moción en Respuesta a Solicitud No Incluida en Pleito ante el TPI ni en Recurso Original y Otros Extremos*.

Con el beneficio de la comparecencia de las partes, el expediente judicial, el Derecho y jurisprudencia aplicable, resolvemos.

II.

Si bien el principio de la finalidad en los pronunciamientos judiciales persigue que haya certeza y estabilidad en los procesos y de que se eviten demoras innecesarias en el trámite judicial,[3] las Reglas de Procedimiento Civil proveen para que una parte presente una moción de relevo de los efectos de una sentencia.[4] De esta forma, se le confiere al tribunal una facultad importante -pero no absoluta-, para dejar sin efecto alguna sentencia por causa justificada, fundamentada en la propia razón de ser de los foros judiciales: hacer justicia.[5] Se trata de un mecanismo *post* sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones.[6] La moción de relevo de sentencia procede si la misma se formula en bien de la justicia y se adjudica con liberalidad.[7]

Son varios los fundamentos mediante los cuales una parte puede solicitar el relevo de una sentencia, siempre y cuando convenza al tribunal que debe ejercitar su discreción bajo las circunstancias del caso.[8] Al respecto, la Regla 49.2 de las de Procedimiento Civil, dispone:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta

---

[3] *Piazza Vélez* v. *Isla del Río, Inc.*, 158 DPR 440, 448 (2003).
[4] Véase, Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2; R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico Derecho Procesal Civil</u>, 5ta. Ed., San Juan, Lexisnexis de Puerto Rico, Inc., 2010, § 4801, pág. 403.
[5] *Piazza*, 158 DPR, pág. 448.
[6] *Náter* v. *Ramos,* 162 DPR 616, 623-624 (2004).
[7] R. Hernández Colón, *op. cit.*, §. 4801, pág. 403.
[8] *Náter,* 162 DPR, pág. 624.

a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude, (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[9]

Ahora bien, las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido.[10] Por ello, la norma dispone que la moción de relevo debe presentarse dentro de un término razonable pero en ningún caso después de transcurridos seis meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.[11] Según ha resuelto el Tribunal Supremo de Puerto Rico, este término es de naturaleza fatal en su acción extintiva del derecho por lo que transcurrido el plazo, no puede adjudicarse la solicitud de relevo.[12]

Vía excepción, aún después de transcurrido el referido término de seis meses, la propia Regla 49.2 reconoce el poder de un tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento, conceder un remedio a una parte que en realidad no hubiese sido emplazada y dejar sin efecto una sentencia por motivo de fraude al tribunal.[13] Cabe destacar que la existencia de un fundamento válido para relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo que se trate de casos en los que se alegue nulidad o cuando la sentencia ha sido satisfecha.[14]

---

[9] 32 LPRA Ap. V, R. 49.2.
[10] *Piazza*, 158 DPR, págs. 448-449.
[11] Íd.; Véase, además, *Sánchez Ramos* v. *Troche Toro*, 111 DPR 155, 157 (1981).
[12] *Bco. Santander P.R.* v. *Fajardo Farms Corp.*, 141 DPR 237, 243-244 (1996).
[13] 32 LPRA Ap. V, R. 49.2.
[14] *Náter*, 162 DPR, pág. 624.

Aunque la tendencia jurisprudencial se incline a interpretar liberalmente la Regla 49.2,[15] ello no significa que pueda utilizarse en sustitución de los recursos de revisión o reconsideración.[16] Tampoco puede utilizarse para premiar la dejadez y falta de diligencia en perjuicio de los intereses de la otra parte y la buena administración de la justicia.[17] **No se trata de una llave maestra para reabrir caprichosamente un pleito ya adjudicado y echar a un lado la sentencia correctamente dictada.**[18] Por el contrario, las sentencias emitidas por nuestros tribunales tienen a su favor una presunción de validez y corrección.[19]

Cónsono con lo anterior, nuestro Tribunal Supremo de Puerto Rico ha definido los parámetros que guían la discreción de los tribunales en cuanto a la moción de relevo de sentencia. Estos son: si el peticionario tiene una buena defensa en los méritos que oponer; la ausencia de perjuicio a la otra parte de dejarse sin efecto la sentencia; el perjuicio que sufriría la parte peticionaria de no ser concedido el remedio solicitado; y la diligencia del proponente de la solicitud en la tramitación del caso.[20]

En fin, el ordenamiento jurídico reconoce la figura de relevo como el mecanismo procesal para modificar errores que hayan cometido las partes; no para corregir errores de derecho, ya que para ello están los recursos apelativos.[21] No obstante, su razón de ser no es absoluta puesto que se entrelazan dos intereses apremiantes: por un lado, la búsqueda de la justicia, y, por otro, la certeza, estabilidad y celeridad del ordenamiento judicial.[22]

---

[15] Íd.
[16] *Reyes Díaz* v. *ELA*, 155 DPR 799, 810 (2001).
[17] *Dávila* v. *Hospital San Miguel*, 117 DPR 807, 818 (1986).
[18] *Pardo* v. *Sucn. Stella*, 145 DPR 816, 824 (1998). Énfasis nuestro.
[19] Véase, *Cortés Piñeiro* v. *Sucesión A. Cortés*, 83 DPR 685 (1961).
[20] *Reyes*, 155 DPR, pág. 810.
[21] *García Colón* v. *Sucn. González*, 178 DPR 527, 539 (2010).
[22] *Piazza*, 158 DPR, pág. 448.

III.

En su primer y segundo señalamiento de error, el señor Arroyo Martínez plantea que erró el foro primario al desestimar su causa de acción. Alega, que presentó prueba suficiente de que el señor Méndez Pérez mintió y fraudulentamente indujo a error al Tribunal por lo que la *Demanda* no podía ser desestimada por insuficiencia. No nos convence.

Además de que la Regla 49.2 no es una llave que reabre casos adjudicados descartando dictámenes correctamente dictados, ni un mecanismo para litigar nuevamente asuntos que ya fueron litigados, las alegaciones del señor Arroyo Martínez no cumplen los requisitos necesarios para una acción independiente por fraude al tribunal al amparo de la Regla 49.2 de Procedimiento Civil. No pudo demostrar que el señor Méndez Pérez hubiese impedido que el Tribunal adjudicara de forma imparcial la querella de acecho presentada en su contra. Por tanto, no erró el foro recurrido al desestimar la causa de acción. En sus actuaciones no existen vicios de parcialidad, error craso y manifiesto o perjuicio que nos conminen a intervenir con su decisión.

IV.

En cuanto al tercer y último señalamiento de error, el señor Arroyo Martínez alega que el Juez que presidió este caso debió inhibirse por tener afiliaciones políticas con un partido político. Tampoco nos convence.

La Regla 63.1(e) de Procedimiento Civil,[23] exige la inhibición de un juez cuando exista "cualquier ... causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". La causa debe cimentarse en cuestiones personales serias,

---

[23] 32 LPRA Ap. III.

no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad.[24] Ello ha de determinarse a la luz de la totalidad de las circunstancias, desde la perspectiva de la mítica figura del "buen padre de familia".[25]

Nuestro Tribunal Supremo ha establecido que la imputación de prejuicio o parcialidad "debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revisten sustancialidad".[26] De otro lado, los señalamientos de pasión, perjuicio o parcialidad deben estar acompañados de evidencia suficiente, ya que no puede servir como un instrumento para buscar presionar al Tribunal de Primera Instancia.[27] Además, el mero hecho de que las acciones de un juez provoquen incomodidad personal en una persona litigante no es fundamento para que se inhiba un juez.[28]

Luego de un ponderado estudio del tracto procesal, las determinaciones del Foro primario y la totalidad de las circunstancias, no encontramos atisbo alguno de prejuicio o parcialidad por parte del Juez que presidió los procedimientos. La incomodidad personal que le provoca al señor Arroyo Martínez, su apreciación de que el Juez que presidió este caso tiene afiliaciones políticas que ocasionarán que resuelva en su contra, sin más, no es suficiente para forzar la inhibición del Juez. Resolvemos que el alegado error no se cometió.

V.

Por los fundamentos antes expuestos, se *confirma* la *Sentencia* recurrida.

---

[24] *Pueblo* v. *Maldonado Dipiní*, 96 DPR 897 (1969).
[25] J.A. Cuevas Segarra, <u>Práctica Procesal Puertorriqueña: Procedimiento Civil</u>, San Juan, Pubs. J.T.S., 1988, Vol. II, Cap. X, págs. 428429.
[26] *Mun. de Carolina* v. *CH Properties*, 200 DPR 701,712 (2018).
[27] *Dávila Nieves* v. *Meléndez Marín*, 187 DPR 750,777 (2013).
[28] *Ruiz* v. *Pepsico PR, Inc.,* 148 DPR 586, 588 (1999).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones