ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| RUTH M. ÁLVAREZ RAMÍREZ<br><br>Recurrida<br><br>v.<br><br>AUTO OESTE IMPORTS, INC. H/N/C APC AUTO SALES<br><br>Recurrente | KLRA202400147 | *Revisión* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: MAY-2022-0003013<br><br>Sobre: Compraventa de Vehículo de Motor |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 9 de mayo de 2024.

Comparece Auto Oeste Imports, Inc. h/n/c APC Auto Sales (en adelante, recurrente) mediante un recurso de revisión para solicitarnos la revisión de la *Resolución* emitida por el Departamento de Asuntos del Consumidor (en adelante, DACo) el 23 de febrero de 2024, notificada el 26 de febrero de 2024.[1] Mediante la *Resolución* recurrida, el DACo declaró No Ha Lugar una solicitud de relevo de resolución al amparo de la Regla 49.2 de las de Procedimiento Civil,[2] presentada por el recurrente.

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción.

I

El 13 de junio de 2022, el DACo notificó Querella Núm. MAY-2022-0003013 (Querella), presentada por la Sra. Ruth M. Álvarez Ramírez (en adelante, recurrida) contra el recurrente y Popular Auto, LLC (en adelante, Popular Auto). Adujo haber adquirido mediante compraventa, en el concesionario del recurrente y con el

---

[1] Apéndice del recurso, a las págs. 33-37.
[2] *Id.*, a las págs. 30-32; 32 LPRA Ap. V, R. 49.2.

financiamiento de Popular Auto, un vehículo de motor Mitsubishi Mirage G4 del año 2017 (vehículo), con un millaje de 56,583 millas. Expuso que el concesionario cobró $2,500.00 dólares en concepto de pronto pago y $995.00 dólares, en concepto de "accesorios". Alegó que cuestionó al vendedor del vehículo si el mismo había sido chocado y reparado. No obstante, arguyó que este le contestó en la negativa. Añadió que su hija también le preguntó y ofreció la misma contestación. Arguyó haber firmado el "Certificado de Garantía". Así las cosas, el auto fue llevado al concesionario y fue trabajado en garantía entre el 26 al 30 de mayo de 2022, y entre el 27 de junio al 7 de julio de 2022. Esto, libre de costo.

Así las cosas, el 22 de junio de 2023, se celebró una vista administrativa a la cual compareció la recurrida, acompañada de su esposo, el Lcdo. José Hernández Lázaro, en representación de Popular Auto y el Sr. José Rodríguez Sánchez, presidente de Auto Oeste Imports, Inc. Durante la vista desfiló prueba testimonial y documental, incluyendo un informe pericial.

Producto de la vista, el 23 de junio de 2023, **notificada el 26 de junio de 2023**, el DACo emitió una *Resolución*,[3] con dieciocho (18) determinaciones de hechos e incluyó sus conclusiones de derecho. Mediante la *Resolución*, declaró nulo un contrato de compraventa y ordenó lo siguiente: (i) a Popular Auto, a emitir una certificación sobre los pagos efectuados por la recurrida; (ii) a Popular Auto y al recurrente de forma solidaria, a reembolsar a la recurrida la totalidad del dinero pagado por esta; (iii) a cancelar el contrato de financiamiento; (iv) a realizar las gestiones para eliminarle cualquier información negativa en su historial de crédito relacionado al contrato en cuestión; (v) a cancelar cualquier póliza de seguro a nombre de la recurrida en relación al vehículo objeto de

---

[3] *Id.*, a las págs. 15-24.

la controversia; y (vi) a que se le pagara a la recurrida los $2,500 dólares pagados por concepto de pronto y los $995.00 que pagó por concepto de "accesorios". Por último, dispuso sobre el pago de intereses.

Sobre dicha *Resolución*, el recurrente presentó una oportuna *Moción Solicitando Reconsideración*,[4] la cual fue rechazada de plano.

Así las cosas, el **7 de febrero de 2024**, el recurrente presentó una *Moción al Amparo de la Regla 49.2 de Procedimiento Civil según dispone el Reglamento 8034 sobre Procedimientos Adjudicativos en la Regla 31.3*. Alegó, en síntesis, que la *Resolución* emitida por el DACo debía ser relevada, fundamentando la misma en su parecer respecto a la prueba que desfiló en la vista administrativa y sobre la cual se emitieron determinaciones de hechos. Por lo anterior, arguyó que la recurrida cometió fraude.

En respuesta, el 23 de febrero de 2024, notificada el 26 de febrero de 2024, el DACo emitió una *Resolución* mediante la cual declaró No Ha Lugar la solicitud instada por el recurrente.

Inconforme, el 21 de marzo de 2024, compareció el recurrente mediante un recurso de revisión en el cual alegó la comisión de los siguientes dos (2) errores:

> *Error I:* Erró el DACO al no acoger la moción de reconsideración presentada.

> *Error II:* Erró el DACO al declarar NO HA LUGAR la Moción al amparo de la Regla 49.2 de Procedimiento Civil según dispone el Reglamento 8034 sobre procedimientos adjudicativos en la Regla 31.3.

Mediante *Resolución* emitida el 2 de abril de 2024, concedimos al recurrente hasta el 8 de abril de 2024, para acreditar haber notificado el recurso instado a las partes y a la agencia recurrida conforme a la Regla 58 del Reglamento del Tribunal de Apelaciones,[5]

---

[4] *Id.*, a las págs. 25-29. La *Moción Solicitando Reconsideración* fue presentada el 17 de julio de 2023.
[5] 4 LPRA Ap. XXII-B, R. 58.

y el mismo término al DACo, para presentar copia certificada del expediente administrativo relacionado a este caso. Además, concedimos a la parte recurrida hasta el 22 de abril de 2024, para presentar su alegato en oposición. El 9 de abril de 2024, el recurrente presentó una *Moción en Cumplimiento de Orden* en la cual expresó haber notificado a las partes y a la agencia recurrida. El 19 de abril de 2024, el DACo presentó un escrito mediante el cual acompañó copia certificada del expediente relacionado a este caso. Además, solicitó la desestimación del recurso bajo el fundamento de que no se perfeccionó el mismo por alegada falta de notificación. Por su parte, El 22 de abril de 2024, la parte recurrida presentó su postura en torno al recurso. Subsiguientemente, el DACo presentó un segundo escrito en el cual, en lo pertinente, reiteró su solicitud de desestimación. Por su parte, el 3 de mayo de 2024, el recurrente presentó un escrito mediante el cual replicó a la solicitud de desestimación instada por el DACo.

En respuesta, mediante *Resolución* emitida el 8 de mayo de 2024, declaramos *No Ha Lugar* la solicitud de desestimación presentada por el DACo.

Con el beneficio de la comparecencia de la parte recurrente y de la parte recurrida, dispondremos del recurso ante nos.

II

### A. Revisión Judicial

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[6] Para cumplir con ese principio, el artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal

---

[6] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).

de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[7] La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[8] A esos efectos, la revisión judicial comprende tres (3) aspectos: (i) la concesión del remedio apropiado; (ii) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial; y, (iii) la revisión completa de las conclusiones de derecho.[9]

Dentro de este marco, nuestro Tribunal Supremo ha reiterado que los tribunales apelativos, al ejercer su función revisora, deben conceder una gran deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados.[10] Por un lado, el Alto Foro ha enfatizado que los tribunales, aplicando el criterio de razonabilidad y deferencia, no alterarán las determinaciones de hechos de las agencias, siempre que surja del expediente administrativo evidencia sustancial que las sustente.[11]

A su vez, la Sección 4.2,[12] la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAUG) instituye un término de carácter jurisdiccional de treinta (30) días para solicitar la revisión judicial de una decisión o resolución final de una agencia administrativa.[13] Dicha sección provee que este plazo comienza a partir de la fecha en que se archive

---

[7] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y(c), Art. 4.006; *Asoc. Condómines v. Meadows Dev.*, *Id.*

[8] *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. ARPe*, 172 DPR 254, 264 (2007).

[9] *Batista, Nobre v. Jta. Directores*, 185 DPR 206, 217 (2012), *citando a Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. JCA*, 149 DPR 263, 279-280 (1999).

[10] *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018); *Asoc. Fcias. v. Caribe Specialty et al. II.*, 179 DPR 923, 940 (2010).

[11] *Id.*

[12] 3 LPRA § 9672, Secc. 4.2.

[13] *Asoc. Condómines v. Meadows Dev.*, supra.

en autos la notificación de la resolución o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración según dispone la Sección 3.15[14] de la LPAU.[15] Además, dicha sección dispone que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[16]

Por su parte, la Sección 3.15 de la LPAUG dispone que una parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.[17] La agencia deberá considerar la moción dentro de los quince (15) días de haberse presentado dicha moción; y si la rechazare de plano o no actuara dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.[18]

A su vez, la Regla 57 del Reglamento de este Tribunal estatuye lo relacionado al término para presentar un recurso de revisión ante este foro apelativo. Dicha regla dispone lo siguiente:

> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo.[19]

---

[14] 3 LPRA § 9655, Secc. 3.15.
[15] *Asoc. Condómines v. Meadows Dev.*, supra.
[16] 3 LPRA § 9672, Secc. 4.2.
[17] 3 LPRA § 9655, Secc. 3.15.
[18] *Id.*
[19] 4 LPRA Ap. XXII-B, R. 57.

## B. Reglamento Núm. 8034

El Reglamento Núm. 8034,[20] también conocido como el Reglamento de Procedimientos Adjudicativos (en adelante Reglamento 8034), provee un procedimiento uniforme para la adjudicación de querellas presentadas ante o por el Departamento de Asuntos del Consumidor (en adelante DACo), cuyo propósito es asegurar la solución justa, rápida y económica de las mismas.[21] Las reglas contenidas en este Reglamento son de aplicación a las investigaciones y procesos administrativos sobre querellas iniciadas tanto por los consumidores, como por la propia agencia, DACo.[22]

En lo pertinente, la Regla 31.3 del Reglamento 8034 establece que el Departamento podrá relevar a una parte o a su representante legal de una resolución, orden o procedimiento por las razones y bajo los términos señalados en la Regla 49.2 de Procedimiento Civil de Puerto Rico".[23] A tenor con lo anterior, la Regla 31.3 del Reglamento 8034 adopta expresamente el texto de la Regla 49.2 de las de Procedimiento Civil, la cual establece el mecanismo procesal disponible para la solicitud de relevo de los efectos de una sentencia, cuando estén presentes los fundamentos allí esbozados.

## C. Regla 49.2 de Procedimiento Civil

La Regla 49.2 de las Reglas de Procedimiento Civil [24] aborda lo relativo a remedios contra las sentencias u órdenes. En específico, la Regla 49.2 de las Reglas de Procedimiento Civil dispone lo concerniente a lo que sucede cuando hay errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba y/o fraude. Así pues, la Regla 49.2 dispone el mecanismo procesal disponible para solicitar al foro adjudicativo el relevo de los efectos

---

[20] Reglamento de Procedimientos Adjudicativos (Reglamento de Procedimientos Adjudicativos Núm. 8034), Departamento de Asuntos del Consumidor, que se aprobó el 13 de junio de 2011.
[21] *Id.*, R. 1.
[22] *Id.*, R. 2.
[23] *Id.*, R. 31.3.
[24] 32 LPRA Ap. V, R. 49.2.

de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. En lo pertinente, dicho precepto expresa lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[25]

La moción será presentada dentro de un término razonable, pero en ningún caso luego de transcurridos seis (6) meses de haberse registrado la sentencia u orden, o haberse llevado a cabo el procedimiento, tampoco afectará la finalidad de una sentencia ni suspenderá sus efectos.[26] Es de notar que la Regla 49.2 es categórica al establecer que el relevo no se podrá presentar en ningún caso luego de transcurridos los seis (6) meses de registrada la determinación del relevo;[27] siendo el término de presentación uno fatal, cuyo transcurrido el referido plazo, no puede adjudicarse.[28] El Tribunal Supremo de Puerto Rico aclaró además, que el término de seis meses en cuestión no se amplía por el hecho de que se haya entablado un procedimiento de apelación o revisión.[29]

Asimismo, esta regla no limita el poder del tribunal para:

---

[25] *Id.*
[26] *Id.*
[27] *Sánchez Ramos v. Troche Toro,* 111 DPR 155, 157-158 (1981).
[28] *García Colón et al.v. Sucn. González,* 178 DPR 527, 543 (2010); *Bco. Santander P.R v. Fajardo Farms Corp.,* 141 DPR 237, 243 (1996).
[29] *Piazza Vélez v. Isla del Río, Inc.,* 158 DPR 440 (2003).

(1) [C]onocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
(2) [C]onceder un remedio a una parte que en realidad no haya sido emplazada, y
(3) [D]ejar sin efecto una sentencia por motivo de fraude al tribunal.[30]

Este precepto tiene como fin establecer un justo balance entre el interés de que los casos sean resueltos en los méritos, efectuando justicia sustancial, pero que su vez, los litigios lleguen a su fin.[31] Para que proceda el relevo de sentencia bajo la referida regla, es necesario que: (i) el peticionario aduzca al menos, una de las razones enumeradas en esa regla y; (ii) el mismo estará obligado a justificar su solicitud amparándose en una de las referidas causales.[32]

Ahora bien, el relevo a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha;[33] por lo que, en la determinación de la concesión de un remedio contra los efectos de una sentencia, el tribunal deberá determinar si bajo las circunstancias específicas del caso existen razones que justifiquen dicha concesión.[34] El más alto foro ha expresado que el precepto debe ¨interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una sentencia¨.[35] No obstante lo anterior, cabe resaltar que esta regla no está disponible para alegar cuestiones sustantivas que debieron haber sido planteadas mediante recursos de reconsideración o apelación.[36]

**D. Falta de Jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su

---

[30] 32 LPRA Ap. V, R. 49.2.
[31] *García Colón et al.v. Sucn. González,* supra, a la pág. 540.
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*, a la pág. 541, *citando a Díaz v. Tribunal Superior,* 93 DPR 79, 87 (1966).
[36] *García Colón et al.v. Sucn. González,* supra, a la pág. 541.

consideración.[37] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[38] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[39] Cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[40] De lo contrario, cualquier dictamen en los méritos será nulo y, por ser ultra vires, no se puede ejecutar.[41] Es decir, una sentencia dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[42]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Lo anterior, debido a que, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción.[43] Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[44] Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción.[45] Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese

---

[37] *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020); *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *AAA v. Unión Independiente Auténtica de Empleados de la AAA*, 199 DPR 638, 651-52 (2018).

[38] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[39] *Torres Alvarado v Madera Atiles*, supra, a la pág. 500; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE*, supra.

[40] 4 LPRA Ap. XXII-B, R. 83; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

[41] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[42] *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921-922 (2000).

[43] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, 210 DPR 271, 289 (2022); *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra, a la pág. 4; *Yumac Home Furniture v. Caguas Lumber Yard*, supra.

[44] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo, Id*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero, Id*; Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008).

[45] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo, Id.*

mismo foro, o ante cualquier otro.[46] Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[47] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

III

En el recurso ante nuestra consideración el recurrente ha comparecido ante nos, y plantea que el DACo cometió dos (2) errores que ameritan la revocación de la *Resolución* recurrida. El *primer* error esgrimido esboza que presuntamente el DACo incidió al no acoger la moción de reconsideración presentada, mientras que el *segundo* error esgrime que, a su vez, erró el DACo al denegar la moción sobre relevo de resolución, al amparo de la Regla 49.2 de las de Procedimiento Civil,[48] y de la Regla 31.2 del Reglamento 8034.[49]

Comenzaremos por el *primer* error, en el cual el recurrente nos invita a concluir que el DACo erró al no haber acogido la moción de reconsideración instada. De entrada, señalamos que, en el caso del título, el DACo notificó una *Resolución* final el 26 de junio de 2023. De ahí, tras su inconformidad, el 17 de julio de 2023, el recurrente presentó una oportuna solicitud de reconsideración. Ahora bien, conforme rezan los autos en el presente caso, **dicha solicitud de reconsideración no fue considerada por el DACo**. Ahora bien, acorde con lo dispuesto por la LPAUG, el recurrente ostentaba un término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución, para presentar oportunamente una moción de reconsideración.[50] Con relación al mismo, DACo disponía de un término de quince (15) días desde que se presentó dicha moción para considerarla. Al DACo no haber actuado dentro del

---

[46] *Yumac Home Furniture v. Caguas Lumber Yard*, supra.
[47] 4 LPRA Ap. XXII-B, R. 83.
[48] 32 LPRA Ap. V, R. 49.2.
[49] Reglamento Núm. 8034, R.31.2.
[50] 3 LPRA § 9655, Secc. 3.15.

periodo antes mencionado, el término para que el recurrente solicitara revisión comenzó a decursar nuevamente desde que expiraron esos quince (15) días.

La LPAUG instituye un término de carácter jurisdiccional de treinta (30) días para solicitar la revisión judicial de la resolución final de una agencia administrativa, cuyo plazo comienza a partir de la fecha en que se archiva en autos la notificación de la resolución final de la misma o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración.[51] Es claro que en el presente caso no existe controversia en que la solicitud de reconsideración no fue considerada. Por tanto, forzoso es concluir que **el término que tenía el recurrente para acudir en revisión judicial comenzó a decursar el 2 de agosto de 2023, y el mismo venció el 31 de agosto de 2023**. Es por lo anterior que, tras haberse instado el recurso de revisión el 21 de marzo de 2024, el mismo se presentó de manera tardía.

Es meritorio resaltar que los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[52] Es norma reiterada que en nuestro ordenamiento "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[53] Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Dado que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción,[54] su presentación

---

[51] 3 LPRA § 9672, Secc. 4.2.
[52] *Ríos Martínez, Com. Alt. PNP v. CLE*, supra.
[53] *Torres Alvarado v Madera Atiles*, supra; *Peerless Oil v. Hnos. Torres Pérez*, supra; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra; *Ríos Martínez, Com. Alt. PNP v. CLE*, supra.
[54] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra; *Yumac Home Furniture v. Caguas Lumber Yard*, supra.

carece de eficacia, y consecuentemente, no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[55] Tomando en consideración el marco jurídico aquí expuesto, forzoso es concluir que este Tribunal no tiene jurisdicción para examinar el *primer* error esgrimido puesto a que fue presentado de forma tardía.

Con el precitado derecho en mente, pasemos a evaluar al *segundo* error, en el cual el recurrente nos invita a concluir que el DACo erró al denegar una solicitud sobre relevo de resolución, específicamente, la *Resolución*[56] notificada el 26 de febrero de 2024. Es menester señalar que **la solicitud de relevo de resolución fue presentada el 7 de febrero de 2024, es decir, poco más de siete (7) meses luego de que se notificara la *Resolución* del 26 de junio de 2023.** Conviene destacar que el Reglamento 8034 provee un procedimiento uniforme para la adjudicación de querellas presentadas ante o por DACo, cuyo propósito es asegurar la solución justa, rápida y económica de las mismas.[57] Tal cual plasmamos en la exposición de derecho, la Regla 31.1 del Reglamento 8034 provee un mecanismo del relevo de una resolución administrativa, estableciendo que DACo "podrá relevar a una parte o a su representante legal de una resolución, orden o procedimiento por las razones y bajo los términos señalados en la Regla 49.2 de Procedimiento Civil de Puerto Rico".[58] Así pues, la Regla 49.2 dispone el mecanismo procesal disponible para solicitar al foro adjudicativo el relevo de los efectos de una sentencia mediante una moción y bajo aquellas condiciones que sean justas.[59] A tenor con

---

[55] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo, Id. Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero, Id.* Torres Martínez v. Torres Ghigliotty, supra.

[56] En el recurso de revisión, el recurrente expuso que se trataba de una Resolución en reconsideración. Dicha premisa es equivocada. La *Resolución* recurrida se trató de la denegatoria de la solicitud sobre relevo de resolución.

[57] Reglamento de Procedimientos Adjudicativos (Reglamento de Procedimientos Adjudicativos Núm. 8034), Departamento de Asuntos del Consumidor, que se aprobó el 13 de junio de 2011, R. 1.

[58] *Id.*, R. 31.3.

[59] 32 LPRA Ap. V, R. 49.2.

lo anterior, el tribunal podrá relevar a una parte de una sentencia, por las razones allí esbozadas.[60]

A pesar de ello, es de notar que la Regla 49.2 dispone que la referida moción debe ser presentada dentro de un término razonable, pero en **ningún caso** luego de transcurridos seis (6) meses de haberse registrado la sentencia u orden, o haberse llevado a cabo el procedimiento.[61] Es decir, la referida regla es categórica al establecer que el relevo no se podrá presentar en ningún caso luego de transcurridos los seis (6) meses de registrada la determinación del relevo;[62] siendo el término de presentación uno fatal, por lo que, una vez transcurrido el plazo, no puede adjudicarse.[63] Sobre lo cual, es preciso resaltar que, superado el término dispuesto por la reglamentación anteriormente citada, el tribunal está impedido de considerarlo.

Un examen de la solicitud sobre relevo de resolución revela que el pedimento del aquí recurrente se resume en su inconformidad con la prueba desfilada y el dictamen emitido, a lo cual abonó que presuntamente la recurrida cometió fraude, sin expresar más. Basado en lo anterior, solicitó el relevo de la *Resolución* del 26 de junio de 2023. Como fundamento en su solicitud el recurrente arguyó que la recurrida incurrió en fraude, siendo este uno de los fundamentos expresados en la Regla 49.2, que lee de la siguiente manera:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (…)
>
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una par

---

[60] *Id.*
[61] *Id.*
[62] *Sánchez Ramos v. Troche Toro,* supra.
[63] *García Colón et al. v. Sucn. González,* supra, a la pág. 543; *Bco. Santander P.R v. Fajardo Farms Corp.,* supra, a la pág. 243.

adversa; [64]

No obstante, nuestro más alto foro ha expresado referente a este precepto que: ¨la consabida regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración¨.[65] Es decir, esta regla no está disponible para alegar cuestiones sustantivas que debieron haber sido planteadas mediante recursos de reconsideración o apelación.[66] Si bien es cierto que el recurrente presentó una escueta alegación de fraude, no es menos cierto que una lectura integral de la solicitud sobre relevo de resolución es una que simplemente intenta atacar asuntos sobre los cuales ni el DACo tenía jurisdicción para reabrir, mucho menos este Tribunal puede revisar. Lo anterior, por tratarse de asuntos que debieron plantearse oportunamente, cuando DACo no consideró la moción de reconsideración, asunto que fue aquí discutido.

En fin, luego de haber examinado con detenimiento los autos en el presente caso, forzoso es concluir que la solicitud sobre relevo de resolución transgredió el término dispuesto en la Regla 49.2 de las de Procedimiento Civil, por lo que, lo que correspondía al DACo era desestimar la misma, que es el curso que hoy toma esta Curia. Es decir, el DACo se encontraba impedido de considerar dicha solicitud sobre relevo de resolución, tras haberse presentado de forma tardía. Dado a todo lo anterior, tampoco contamos con autoridad para intervenir en el *segundo* señalamiento de error.

En resumidas cuentas, tras haber evaluado el expediente en su totalidad, incluyendo los errores esgrimidos, disponemos que este Tribunal no cuenta con autoridad para intervenir en el presente recurso, por falta de jurisdicción.

---

[64] 32 LPRA Ap. V, R. 49.2.
[65] *García Colón et al.v. Sucn. González,* supra, a la pág. 541.
[66] *Id.*

IV

Por los fundamentos que anteceden, se *desestima* el recurso instado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones