ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **PR RECOVERY AND DEVELOPMENT JV, LLC.**<br><br>Recurrido<br><br>v.<br><br>**DAVID A. NAVARRO ACEVEDO**<br><br>Peticionario | KLCE202400903 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Toa Alta**<br><br>Civil Núm.: **BY2019CV06078**<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece ante nos, el señor David A. Navarro Acevedo (en adelante, señor Navarro Acevedo o peticionario) y solicita la revocación de la *Orden* emitida el 26 de junio de 2024, notificada el 3 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Toa Alta (en adelante, TPI). Mediante la decisión aquí recurrida, el TPI declaró *No Ha Lugar* la moción de relevo de sentencia instada por el peticionario.

Por los fundamentos que se expondrán a continuación, denegamos la expedición del auto de *Certiorari* solicitado.

### I.

Según surge del expediente, el 15 de octubre de 2019, PR Recovery and Development JV, LLC. (en adelante, PR Recovery and Development o recurrido) incoó una acción legal en cobro de dinero contra el señor Navarro Acevedo. En la demanda se reclamó el pago de una deuda acumulada por concepto de un *Contrato de Préstamo* y un *Pagaré* como garantizador solidario a favor del Banco de

Desarrollo Económico para Puerto Rico suscrito por el señor Navarro Acevedo el 10 de octubre de 2007. El señor Navarro Acevedo fue emplazado mediante diligenciamiento personal el 11 de noviembre de 2019, más, sin embargo, este no presentó alegación responsiva alguna dentro del término que conceden las Reglas de Procedimiento Civil de Puerto Rico. Ante ello, a solicitud de PR Recovery and Development, el TPI le anotó la rebeldía.

El 7 de abril de 2020, el foro primario dictó sentencia en rebeldía, en la cual declaró *Con Lugar* la demanda. En consecuencia, condenó al señor Navarro Acevedo a pagar la cantidad de $59,295.69 del principal adeudado, más intereses calculados al 10 de octubre de 2019 y $5,000.00 equivalente al 10% del monto principal del pagaré, en concepto de gastos, costas y honorarios de abogado. Posteriormente, PR Recovery and Development instó una *Solicitud de Ejecución de Sentencia*, la cual fue declarada *Con Lugar* el 2 de febrero de 2023. En la *Orden de Ejecución de Sentencia*, el foro primario ordenó al señor Navarro Acevedo satisfacer el pago de la sentencia dictada, más el 5.75% en concepto de interés al tipo legal, a computarse desde la fecha en que se dictó la sentencia, para un balance pendiente de $73,342.59.

Alrededor de cuatro (4) años más tarde de dictada la sentencia en rebeldía, el 24 de junio de 2024, el señor Navarro Acevedo presentó una moción de relevo de sentencia ante el TPI. En su comparecencia, alegó que la sentencia concernida era nula *ab initio* porque el emplazamiento diligenciado por PR Recovery and Development no se realizó conforme a derecho, incumpliendo así con el debido proceso de ley. Específicamente, argumentó que lo expresado por el emplazador era falso, que éste último nunca lo vio bajarse de su vehículo y que existía un vídeo captado por las cámaras de seguridad de su residencia que así lo demostraba. Por su parte, PR Recovery and Development arguyó, en síntesis, que el

señor Navarro Acevedo fue debidamente notificado de las diferentes instancias del caso, más optó por no comparecer. Además, adujo que éste incurrió en un patrón de dilación durante el transcurso de los procedimientos.

Llegado a este punto, el 26 de junio de 2024, notificada el 3 de julio de 2024, el foro *a quo* dictó la *Orden* recurrida, mediante la cual declaró *No Ha Lugar* el relevo de sentencia. En desacuerdo, el 17 de julio de 2024 el señor Navarro Acevedo presentó una moción de reconsideración, pero esta fue denegada por el TPI el 18 de julio de 2024.

Aun inconforme, el señor Navarro Acevedo sometió el recurso de C*ertiorari* que nos ocupa en el cual señala el siguiente error:

> Erró el TPI al denegar la solicitud de relevo de sentencia y no conceder una vista evidenciaria, cuando la misma se fundamentó en una violación al debido proceso de ley, al no diligenciarse el emplazamiento correctamente, un trámite de rango constitucional.

El 21 de agosto de 2024 emitimos una *Resolución* concediéndole un término de 10 días a la parte recurrida, PR Recovery and Development, para que fijara su posición sobre el recurso. Transcurrido el término, PR Recovery and Development no se expresó, por lo que procedemos a resolver sin el beneficio de su comparecencia.

## II.

### A.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el recurso de *certiorari*. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). Las resoluciones u órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la

mencionada Regla.[1] En vista de lo anterior, el recurso de *certiorari* es el mecanismo adecuado para solicitar la revisión de un asunto de esta índole. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). Por consiguiente, para determinar si procede la expedición de un recurso discrecional de *certiorari* en los que se recurre de determinaciones *postsentencia* es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra.*

El auto de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). Su expedición está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes *postsentencia*, inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. *López García v. López García*, 200 DPR 50 (2018). No obstante, en nuestro derecho procesal civil existe el relevo de sentencia como mecanismo *postsentencia* que capacita al juzgador a eliminar o modificar su dictamen.[2] Este remedio es extraordinario, discrecional y se utiliza para impedir que tecnicismos y sofisticaciones frustren los fines de

---

[2] *Piazza v. Isla del Río, Inc.,* 158 DPR 440 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905-906 (1963).

la justicia. *Vázquez v. López,* 160 DPR 714, 725 (2003). La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, regula dicho remedio. La misma dispone que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a)    Error, inadvertencia, sorpresa o negligencia excusable;
>
> (b)    descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
>
> [...]
>
> (d)    nulidad de la sentencia;
>
> [...]
>
> (f)    cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
>
> Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
>
> (1) Conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
>
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
>
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.
>
> [...]

La persona que solicita el relevo de una sentencia está obligada a justificar su solicitud amparándose en una de las causales establecidas en la aludida Regla. *Reyes v. E.L.A. et al.,* 155 DPR 799, 809 (2001). Igualmente, si la parte que solicita el relevo aduce una buena defensa y el relevo no ocasiona perjuicio alguno a la parte contraria, éste debe ser concedido. *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010). Ahora bien, este

mecanismo no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. *Íd.*, pág. 541.

Como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. *HRS Erase v. CMT,* 205 DPR 689, 698 (2020). Este término es de naturaleza fatal en su acción extintiva del derecho. *Sánchez Ramos v. Troche Toro,* 111 DPR 155 (1981). Por ende, transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 243 (1996). No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad. *Piazza v. Isla del Río, Inc.,* supra.

Cónsono con lo anterior, si una parte presenta una moción de relevo de sentencia amparado en el inciso (d) de la Regla 49.2 de Procedimiento Civil, *supra,* y demuestra que la sentencia es nula, el foro primario no tendrá discreción para denegarla. "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". *Pérez Ríos et al. v. CPE,* 2023 TSPR 136, 213 DPR ___ (2023), citando a *García Colón et al. v. Sucn. González,* supra, págs. 543–544. Como es sabido, si una sentencia es nula, se tiene por inexistente y no surte efecto alguno. *López García v. López García,* supra, pág. 62. Una sentencia se considera nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes. *García Colón et al. v. Sucn. González,* supra, pág. 543.

### III.

En el presente recurso, el peticionario sostiene, en síntesis, que el TPI erró al denegar el relevo de sentencia por el solicitado, toda vez que, a su entender, existía deficiencia en el diligenciamiento

del emplazamiento. Especifica que, con la decisión impugnada, el TPI le denegó la oportunidad de presentar prueba demostrativa de que se le violó el debido proceso de ley al no ser emplazado conforme a derecho. Añade que el mencionado vicio en el diligenciamiento del emplazamiento anuló los efectos de la *Sentencia* dictada en el 2020, pues el Tribunal nunca adquirió jurisdicción sobre su persona.

Tras un análisis ponderado del expediente, determinamos no intervenir con la decisión impugnada.

De los hechos surge que el tribunal recurrido dictó sentencia final el 7 de abril de 2020, notificada a las partes el 6 de mayo de 2020. Pasados más de cuatro (4) años del dictamen, el peticionario solicitó el relevo de sentencia dictada en su contra, al amparo de la Regla 49.2 (d) de Procedimiento Civil de Puerto Rico, *supra.*

Según expuesto, la Regla 49.2 de Procedimiento Civil de Puerto Rico, *supra,* dispone patentemente que la parte afectada por una sentencia posee un término máximo de seis (6) meses desde que esta es registrada para presentar una moción de relevo. Ahora bien, en el caso de referencia, toda vez que el peticionario fundamentó su solicitud de relevo en nulidad de sentencia, es claro que el mencionado término no aplica. Como bien dispone la Regla 49.2 de Procedimiento Civil, *supra,* esta no limita el poder de un tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento, o conceder un remedio a una parte que no hubiese sido emplazada y sobre la cual el tribunal no adquirió jurisdicción. *Rivera v. Jaume,* 157 DPR 562, 573-574 (2002).

No obstante, en la presente causa concluimos que el peticionario no nos colocó en posición de intervenir con la determinación impugnada. Somos del criterio que no se acredita alguna de las razones establecidas en la Regla 49.2 de Procedimiento Civil, *supra,* para que el tribunal pueda relevar a una parte o a su

representante legal de una sentencia. Además, los argumentos del peticionario sobre la existencia de un vídeo de una cámara de seguridad de su residencia que alegadamente contradicen lo suscrito bajo juramento por el emplazador, denotan su falta de diligencia en la tramitación del caso. Es preciso puntualizar que la Regla 49.2 de Procedimiento Civil, *supra,* no es "una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada." *Reyes v. E.L.A. et al.,* supra, pág. 809, citando a Cuevas Segarra, *op. cit.,* pág. 783 y *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974).

Ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, procede denegar la expedición del auto de *certiorari.*

## IV.

Por las consideraciones que preceden, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones