Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUZ D. BÁEZ ROMÁN<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO DE DORADO<br><br>Peticionario | KLCE202400644 | Apelación procedente del Tribunal de Primera Instancia,<br>Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2022CV05970<br><br>Sobre:<br>Despido ilegal;<br>Discrimen; Represalias;<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

## SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 23 de octubre de 2024.

El 16 de agosto de 2024 emitimos una Sentencia en la que expedimos el auto de *certiorari* solicitado y revocamos la determinación recurrida. Mediante la oportuna Moción de Reconsideración presentada por la parte demandante-recurrida, se trajo a la atención de este Tribunal que dicha parte previamente había presentado una demanda que tuvo el efecto de interrumpir el término prescriptivo para la presentación del caso ante la consideración del Foro Primario. Dicha circunstancia afecta las conclusiones sobre la prescripción de la acción consignadas en nuestra previa Sentencia. Además, la referida *Moción de Reconsideración* y su correspondiente *Oposición* nos brindaron una nueva oportunidad de considerar los méritos del asunto en su totalidad, tras lo cual, por los fundamentos que se exponen en la presente Sentencia en Reconsideración se deja sin efecto la antes mencionada Sentencia de 16 de agosto de 2024.

El caso que nos ocupa tuvo su origen en una comparecencia ante este Foro por parte del Municipio de Dorado (Municipio o peticionario) en la que solicitó de que revisáramos una *Resolución*

emitida el 9 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] Por virtud del aludido dictamen, el TPI declaró Ha Lugar una *Moción de Relevo de Sentencia* presentada por la señora Luz Dalia Báez Román (señora Báez Román o recurrida).

Tras reevaluar el expediente ante nuestra consideración denegamos la expedición del auto solicitado.

## I.

El caso ante nuestra consideración tuvo su origen el 22 de noviembre de 2022, cuando la señora Báez Román presentó una *Demanda* en contra del Municipio por despido ilegal, discrimen, represalias y daños y perjuicios. En lo pertinente, alegó que durante aproximadamente trece (13) años se desempeñó como empleada irregular de Auxiliar de Envejecientes en el Municipio hasta su despido en agosto de 2020. La recurrida expuso que desde marzo de 2020 se mantuvo en aislamiento tras comenzar la cuarentena por la pandemia de COVID-19. De igual forma, aseveró que no se reportó a trabajar por ser una persona mayor de sesenta (60) años de edad con condiciones de salud preexistentes. Por ello, adujo que el Municipio realizó una serie de acciones que consideró que constituían acoso y discrimen. A saber, sostuvo que, para abril de 2020, la Oficina de Recursos Humanos del Municipio requirió que los adultos mayores que la señora Báez Román visitaba entregaran una carta para eximirla de acudir a sus hogares por razón del COVID-19. Además, que, para mayo de 2020, la Oficina de Recursos Humanos del Municipio le peticionó retornar a trabajar y que hiciera constar por escrito si su salud se lo impedía. Afirmó que el personal municipal destruyó la carta que redactó a dichos efectos. Destacó que el 31 de

---

[1] Apéndice de *Petición de Certiorari*, Anejo 15, pág. 249. Archivada y notificada el 10 de mayo de 2024.

julio de 2020, cuando una empleada municipal recogió la nómina en su hogar, le omitió que recientemente estuvo en cuarentena por el COVID-19, razón por la que la recurrida se quejó. Particularizó que la empleada municipal le indicó que acudiera al Laboratorio Clínico Los Puertos para que se realizara la prueba del COVID-19. Concretó que, para el 1 de agosto de 2020, su nombre no constaba en la lista del Municipio en el referido laboratorio, pero posteriormente fue añadida. Por otro lado, esgrimió que el peticionario discriminó en su contra por razones políticas, ya que, en las primarias del 9 de agosto de 2020, su hijo aspiró a un escaño de asambleísta municipal por un partido opositor. Manifestó que el 7 de septiembre de 2020 acudió a la Oficina de Recursos Humanos del Municipio para que se le explicara la razón por la que no recibió el pago de la nómina y le indicaron que estaba inactiva por consumir su balance de vacaciones y enfermedad. Puntualizó que, para agosto de 2020, el Municipio descontinuó la relación laboral sin previo aviso o notificación. Arguyó que no se le evaluó para ser clasificada como empleada del servicio de carrera y que, por su expectativa de continuidad, ostentaba un interés propietario sobre su empleo. Por ello, entendió que las actuaciones del Municipio contravinieron las garantías mínimas del debido proceso de ley y constituyeron un patrón de discrimen laboral, represalias, discrimen político, más despido injustificado. Por lo anterior, solicitó la reinstalación en el puesto como empleada regular, el salario dejado de devengar, los beneficios marginales y daños y perjuicios y angustias mentales al amparo del Artículo 1802 del Código Civil de 1930, 31 LPRA sec. 5141 (derogado), vigente al ocurrir los hechos del caso. Asimismo, peticionó una sumas de dinero por virtud de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como *Ley contra el discrimen en el empleo*, 29 LPRA sec. 146; la Ley Núm. 115-1991, según enmendada, conocida como *Ley de represalias contra el empleado por ofrecer testimonio ante un foro*

*legislativo, administrativo o judicial*, 29 LPRA sec. 194 y la Ley Núm. 69 de 6 de julio de 1985, según enmendada, conocida como *Ley para garantizar la igualdad de derecho al empleo*, 29 LPRA sec. 1321.

Tras varias incidencias procesales, el 12 de abril de 2023, el Municipio presentó una *Moción de sentencia sumaria.*[2] En síntesis, el peticionario especificó que la acción presentada por la señora Báez Román era improcedente en derecho por haber sido una empleada irregular por contrato que no poseía expectativa de continuidad en su empleado; las leyes laborales citadas eran inaplicables a los municipios, más la *Demanda* estaba prescrita tras presentarse luego de dos (2) años desde que ocurrieron los hechos alegados. Por otro lado, sostuvo que el TPI carecía de jurisdicción sobre la materia, puesto que en el caso 2021-03-0580 ante la Comisión Apelativa del Servicio Público (CASP), presentado el 12 de marzo de 2021, se estaban ventilando las mismas alegaciones, causas de acción y solicitudes de remedio. Sobre el particular, argumentó que la CASP era el organismo adjudicativo con jurisdicción apelativa exclusiva para adjudicar esta controversia.

Subsiguientemente, el 13 de abril de 2023, el Municipio presentó una *Moción de desestimación.*[3] Mediante esta, planteó que, a tenor con la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, la *Demanda* dejó de exponer una reclamación justificara la concesión de un remedio. Esto, al considerar que la señora Báez Román no especificó los hechos que constituyeron violaciones al debido proceso de ley o discrimen. Además, arguyó que debido a que la recurrida era una empleada irregular por contrato que el Municipio no renovó tras finalizarse en julio de 2020, esta no tenía expectativa de continuidad en el empleo, no tenía derecho a las garantías

---

[2] *Íd.*, Anejo 3, págs. 17-48.
[3] *Íd.*, Anejo 4, págs. 48-54.

procesales del debido proceso de ley, y no ostentaba el derecho a que se le restituyera en el puesto ni reclamar salarios dejados de percibir.

El 31 de mayo de 2023, la señora Báez Román presentó su oposición a la *Moción de desestimación*.[4] Entre otras cosas, precisó que, contrario a la alegado por el peticionario, la *Demanda* reflejaba de forma específica una serie de circunstancias anómalas del trato adverso que sufrió durante la pandemia de COVID-19. Además, discutió que el Municipio actuó arbitrariamente al carecer de un reglamento para los empleados irregulares.

El 2 de junio de 2023, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la *Moción de desestimación* del Municipio.[5]

Posteriormente, el 16 de junio de 2023, la señora Báez Román presentó su oposición a la *Moción de sentencia sumaria*.[6] En esta, consideró que la *Demanda* no se podía desestimar mediante sentencia sumaria, dado que los siguientes hechos se encontraban en controversia:

1. La señora Báez era una empleada municipal irregular que trabajó en el Municipio por 13 años.
2. El puesto de la señora Báez era el de Auxiliar de Envejecientes.
3. La señora Báez trabajaba mediante contrato de empleo que establecía claramente que el Municipio no tenía obligación de extender o renovar el contrato luego de la fecha de vencimiento.
4. El contrato de empleo de la señora Báez era con duración mensual y se renovaba mensualmente.
5. La última renovación del contrato de la señora Báez fue el 26 de junio de 2020 con vencimiento el 31 de julio de [2020.]
6. El 28 de julio de 2020 fue el último día que la señora Báez cobró.
7. En agosto de 2020, el Municipio le indicó a la señora Báez que su relación laboral con el Municipio terminó.
8. El 7 de septiembre de 2020, una empleada de la oficina de recursos humanos del Municipio le informó a la apelante que su contrato estaba inactivo, y por eso ya no estaba cobrando.
9. El 12 de marzo de 2021, la señora Báez presentó ante la CASP una apelación basada en los mismos hechos alegados en la demanda de este caso y en la que solicita

---

[4] *Íd.*, Anejo 5, págs. 55-63.
[5] *Íd.*, Anejo 6, pág. 64. Archivada y notificada el 6 de junio de 2023.
[6] *Íd.*, Anejo 7, págs. 65-138.

los mismos remedios bajo las mismas leyes, caso 2021-03-0580.

En lo que nos concierne, la señora Báez Román afirmó que la apelación ante la CASP contenía los mismos hechos que la *Demanda*, pero que se podían brindar diferentes remedios en distintos foros. Es decir, indicó que en el presente caso se alegó discrimen y violación de derechos civiles, los cuales son asuntos que el TPI podía atender sin que fuera necesario que el CASP lo atendiera previamente.

Luego de una serie de mociones presentadas en relación con la solicitud de sentencia sumaria del Municipio, el 31 de octubre de 2023, el TPI emitió una *Sentencia* en la que concedió la *Moción de sentencia sumaria* y, en su consecuencia, desestimó **sin perjuicio** la *Demanda* incoada por la señora Báez Román.[7] El Foro Primario resolvió que, considerando que la recurrida acudió primero al CASP, se debía finalizar el trámite administrativo previo a recurrir al foro judicial, puesto que no se justificaba que tuviera derecho a presentar la misma acción ante dos foros. Además, estableció que la única diferencia con el foro administrativo es que posteriormente la recurrida alegó violación de derechos civiles, consistente en que no se le otorgó un debido proceso de ley al no renovársele el contrato y discriminarse políticamente en su contra. El Foro Primario estableció que dichas alegaciones no permitían determinar claramente si el foro judicial tenía jurisdicción. A su vez, el TPI consignó que, aun en la eventualidad de que el foro judicial tuviera jurisdicción, las alegaciones de la señora Báez Román atinentes a la violación de derechos civiles eran confusas, muy poco específicas y especulativas.

Por su parte, el 12 de febrero de 2024, la CASP emitió una *Resolución* en la que desestimó la apelación presentada por la recurrida por falta de autoridad o jurisdicción.[8] El foro administrativo

---

[7] *Íd.*, Anejo 11, págs. 194-205. Archivada y notificada el 2 de noviembre de 2023.
[8] *Íd.*, Anejo 12, págs. 206-217.

estableció que el término con el que contaba la señora Báez Román para presentar la solicitud de apelación venció, de conformidad con el Artículo 1.2 (a) del Reglamento Procesal del CASP, Reglamento Núm. 7313, Departamento de Estado, 7 de marzo de 2007. Por otro lado, resolvió que la carta que la recurrida le envió el 22 de julio de 2021 al Municipio para interrumpir el término prescriptivo no revivió un término vencido.

Así las cosas, el 30 de abril de 2024, la señora Báez Román presentó ante el TPI una *Moción solicitando relevo de sentencia.*[9] Mediante esta, solicitó que se le relevara de la *Sentencia* dictada el 31 de octubre de 2023 para que se continuara con el caso, de conformidad con los incisos (e) y (f) de la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. Esto, toda vez que la CASP resolvió que carecía de jurisdicción sobre la señora Báez Román. Sostuvo que, a tenor con el Artículo 2.044 del Código Municipal de Puerto Rico, 21 LPRA sec. 7233, tanto la CASP como el TPI tenían jurisdicción para atender el caso. A saber:

> (d) *Nombramiento irregular* — Dentro de los nombramientos irregulares se incluirán aquellas funciones de índole imprevistas, temporeras o intermitentes, cuya naturaleza y duración no justifique la creación de puestos y cuya retribución sea conveniente pagar por hora o por día. [...]
>
> En los casos que el empleado haya sido destituido o suspendido de empleo y sueldo, y posterior a ello, la Comisión Apelativa del Servicio Público (CASP) o un Tribunal con jurisdicción ordene la restitución al puesto o a un puesto similar al que ocupaba y se complete el proceso de retribución, el pago parcial o total de salarios, desde la fecha de la efectividad de la destitución o de la suspensión de empleo y sueldo, se eliminará del expediente de recursos humanos toda referencia a la destitución o a la suspensión de empleo y sueldo de la que fue objeto. En los casos de destitución también se notificará al Departamento del Trabajo y Recursos Humanos para que allí se elimine cualquier referencia a la destitución. [...]

La señora Báez Román puntualizó que el presente caso no ha sido ventilado en sus méritos en el foro judicial ni en el

---

[9] *Íd.*

administrativo, por lo que concibió que del TPI emitir el relevo de sentencia, no se le causaría un perjuicio indebido al Municipio.

El 8 de mayo de 2024, el Municipio presentó una *Oposición a moción de relevo de sentencia*.[10] En esta, señaló que la *Sentencia* emitida el 31 de octubre de 2023 por el TPI advino final y firme, dado que la señora Báez Román no acudió ante este Tribunal de Apelaciones. Esgrimió que, contrario a lo aducido por la recurrente, la CASP no desestimó el caso por falta de jurisdicción sobre su persona, sino por falta de jurisdicción por la materia ante el vencimiento del término prescriptivo para solicitar la apelación. A su vez, el peticionario precisó que la CASP reconoció que era la agencia que tenía jurisdicción exclusiva para atender las controversias de este caso. Esbozó que no procedía el relevo de sentencia por tres (3) razones. Primero, entendió que la solicitud se presentó luego de vencido el término dispuesto en la Regla 49.2(a) de Procedimiento Civil, *supra*, R. 49.2(a). Segundo, concibió que la *Moción de Relevo de Sentencia* no podía utilizarse en sustitución de los procedimientos apelativos. Tercero, razonó que en este caso no se encontraban presente ninguno de los fundamentos de la Regla 49.2(a) de Procedimiento Civil, *supra*, R. 49.2(a).

En igual fecha, la señora Báez Román presentó una moción informativa en la que expuso el tracto procesal ante la CASP. Es decir:

1. El 12 de febrero de 2024, la Comisión archivó en autos la Resolución del caso 2021-03-0580.
2. El 4 de marzo de 2024[,] la parte compareciente presentó ante la Comisión una Moción Solicitando Reconsideración [...]
3. El 13 de marzo de 2024, la Comisión, mediante Resolución, declaró "No Ha Lugar" la Reconsideración y archivó en autos la misma [...]
4. El 26 de marzo de 2024[,] la parte demandada presentó una Moción Para que se Enmiende Epígrafe de la Resolución[.]
5. El 2 de abril de 2024[,] la Comisión volvió a notificar la Resolución.

---

[10] *Íd.,* Anejo 16, págs. 250-256.

Por su parte, el 9 de mayo de 2024, el Municipio replicó a la moción informativa de la señora Báez Román.[11] Mediante esta, destacó que los remedios ante la CASP se agotaron el 13 de marzo de 2024, una vez dicho foro declaró No Ha Lugar a la reconsideración.

En igual fecha, el TPI emitió una *Orden* en la que declaró Ha Lugar a la solicitud de relevo de sentencia y señaló una vista inicial.[12]

Inconforme, el Municipio presentó el recurso de *certiorari* que nos ocupa, en el que señaló los siguientes errores:

> **PRIMERO:** ERRÓ EL TPI AL DECLARAR HA LUGAR LA MOCIÓN DE RELEVO DE SENTENCIA, A PESAR DE QUE SE PRESENTÓ FUERA DEL TÉRMINO QUE ESTABLECE LA REGLA 49.2(B) DE PROCEDIMIENTO CIVIL.

> **SEGUNDO:** ERRÓ EL TPI AL DECLARAR HA LUGAR LA MOCIÓN DE RELEVO DE SENTENCIA, A PESAR DE QUE SE ESTÁ UTILIZANDO EN SUSTITUCIÓN DE LOS PROCESOS APELATIVOS.

> **TERCERO:** ERRÓ EL TPI AL DECLARAR HA LUGAR LA MOCIÓN DE RELEVO DE SENTENCIA, A PESAR DE QUE NO SE BASA EN ALGUNO DE LOS FUNDAMENTOS QUE ENUMERA LA REGLA 49.2(B) DE PROCEDIMIENTO CIVIL.

En atención a los errores planteados por la apelante, pormenorizamos la normativa jurídica pertinente a este recurso.

## II.

### A. *Certiorari*

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de

---

[11] *Íd.*, Anejo 14, págs. 247-248.
[12] *Íd.*, Anejo 15, pág. 249. Archivada y notificada el 10 de mayo de 2024.

Procedimiento Civil, *supra,* R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra.* Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A tenor con estos criterios, como foro revisor, tenemos la obligación de obrar con discernimiento judicial en nuestra intervención para no interrumpir a destiempo el trámite ante el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

Es menester destacar que una determinación atinente a asuntos post-sentencia es revisable mediante el recurso de *certiorari*, puesto que de otro modo no sería revisable. *IG Builders et al. v. BBVAPR, supra.*

## B. Relevo de sentencia

La Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, rige lo concerniente a la facultad de los tribunales para dejar sin efecto una sentencia u orden suya por causa justificada. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). El peticionario del relevo de sentencia tiene la obligación de justificar su solicitud al amparo de uno de los motivos establecidos en la aludida regla. *Pérez Ríos y otros v. ELA y otros*, 2023 TSPR 136, 213 DPR ___ (2023). A saber, Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, dispone lo siguiente:

> **Regla 49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.**
> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
> > (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
> > (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
> > (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.
> Mientras esté pendiente una apelación o un recurso de certiorari de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea incompatible con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado

dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación para solicitar el referido permiso.

En lo que nos concierne, mediante el inciso (e) de la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, se permite que se deje sin efecto una sentencia cuando se satisfizo, renunció o cumplió con esta o una sentencia anterior en la que se fundamentó se revocó o dejó sin efecto o no sería equitativo que la sentencia continúe en vigor. J. A. Cuevas Segarra, <u>*Tratado de derecho procesal civil*</u>, 2da. ed., T. IV, San Juan, Ed. Publicaciones JTS, 2011, pág. 1419.

Por otro lado, el inciso (f) de la aludida regla, permite que se solicite el relevo de sentencia por cualquier otra razón que justifique la concesión de un remedio. *Íd.*, pág. 1420. No obstante, este inciso no constituye una llave maestra para reabrir procedimientos o dejar sin efecto lo actuado. *Íd.* Para ello, "el tribunal debe hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar, si bajo las circunstancias del caso, existen razones que justifiquen la concesión de un remedio contra los efectos de la sentencia". *Íd.* De modo persuasivo, el Tribunal Supremo federal determinó que al resolverse una moción al amparo del inciso (b)(6) de la Regla 60 de Procedimiento Civil federal, análoga al inciso (f) de la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, el peticionario tiene que demostrar una circunstancia extraordinaria que justifique reabrir el caso. *González v. Crosby*, 545 US 524, 535 (2005). Las circunstancias extraordinarias pueden incluir el cambio en la interpretación de una ley, el riesgo de que se cometa injusticia hacia las partes o el riesgo de que se mine la confianza pública en los procedimientos judiciales. *Buck v. Davis*, 580 US 100, 123 (2017). Sin embargo, es necesario que el peticionario del relevo de sentencia haya tramitado el caso diligentemente. J. A. Cuevas Segarra, *op. cit.*

El relevo de sentencia es una facultad discrecional, salvo en los casos de nulidad de la sentencia o que esta se haya satisfecho. *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010). En tal ejercicio, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen la concesión de un remedio contra los efectos de una sentencia. *Íd.* **Por ello, si el peticionario aduce una buena defensa, adicional a los motivos dispuestos en la Regla 49.2 de Procedimiento Civil,** *supra,* **R. 49.2 y el relevo no ocasiona perjuicio a la parte contraria, debe concederse**. *Íd.*, págs. 540-541. **Pues, esta regla debe interpretarse liberalmente, por lo que cualquier duda debe resolverse a favor del peticionario del relevo, a fin de que el caso se resuelva en sus méritos**. *Íd.*, pág. 541; *Díaz v. Tribunal Superior*, 93 DPR 79, (1966).

Pese a su interpretación liberal, este mecanismo post-sentencia de relevo de sentencia no constituye una facultad absoluta. *Piazza v. Isla del Río, Inc., supra,* pág. 448. Pues, la moción de relevo de sentencia no puede sustituir los recursos de revisión o reconsideración, aun cuando se puede considerar posterior a que la sentencia advenga final y firme. *García Colón et al. v. Sucn. González, supra*; *Piazza v. Isla del Río, Inc., supra,* pág. 449; *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 328 (1997); *Olmedo Nazario v. Sueiro Jiménez,* 123 DPR 294, 299 (1989). Además, "[l]as determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido". *Piazza v. Isla del Río, Inc., supra,* pág. 449. Por ello, los tribunales deben realizar un balance entre la interpretación liberal del relevo de sentencia y el principio de que los procedimientos judiciales sean certeros y estables y se eviten demoras innecesarias en el trámite judicial. *Íd.* En tal sentido, el Tribunal Supremo de Puerto Rico resolvió que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Íd.*, pág. 448; *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157

(1981). Dicho período de seis (6) meses para la presentación de una moción de relevo de sentencia, se computa a base de ciento ochenta (180) días de haberse registrado la sentencia o notificado la resolución u orden. J. A. Cuevas Segarra*, op. cit.,* pág. 1397. Además, el referido término no se interrumpe por presentarse una apelación. *Piazza v. Isla del Río, Inc., supra,* pág. 449.

Cabe destacar que para evaluar una solicitud de relevo de una sentencia no es necesario celebrarse una vista si de la faz de la petición es evidente que carece de méritos. *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977).

## III.

Como cuestión de umbral, nos corresponde determinar si debemos expedir el auto de *certiorari* a la luz de los criterios contenidos en la Regla 40 del Reglamento de este Tribunal, *supra,* R. 40. Realizado dicho análisis, declinamos la invitación a intervenir con la discreción del TPI. Veamos.

El Municipio sostiene que erró el TPI al declarar Ha Lugar a la *Moción de relevo de sentencia* presentada por la señora Báez Román, a pesar de que se presentó fuera del término establecido por la Regla 49.2(B) de Procedimiento Civil, *supra,* R. 49.2(B), sin expresar los motivos dispuestos en la referida regla y en sustitución de los procesos apelativos. En apoyo a su alegación, el peticionario arguyó que la solicitud de relevo de la sentencia se presentó pasados seis (6) meses desde que el TPI emitió el dictamen y setenta y ocho (78) días posterior a la *Resolución* emitida por la CASP, lo cual considera que constituyó una tardanza irrazonable. Asimismo, puntualizó que, tras dictarse la Sentencia, la recurrida debía acudir a este foro apelativo para que se resolviera la controversia sobre si el TPI carecía o no de jurisdicción para atender el asunto medular sobre si la señora Báez Román era empleada irregular por contrato o empleada regular. Por ello, arguyó que el dictamen recurrido constituyó la ley del caso, ya

que los asuntos adjudicados advinieron finales y firmes, sin poder ser reexaminados. El Municipio particularizó que la jurisdicción exclusiva para atender la validez de la separación de la señora Báez Román le correspondía al CASP y, dado que la recurrida dejó vencer el término jurisdiccional para presentar su apelación ante el referido organismo administrativo, no le brindó jurisdicción al TPI. Concibió que la tardanza de la recurrida en presentar su apelación tuvo el efecto de ponerle fin a esa controversia. Asimismo, sostuvo que no se cumplieron los requisitos de la Regla 49.2 de Procedimiento Civil, supra, R. 49.2. Como fundamento para dicho reclamo sostuvo, en primer lugar, que la reclamación de la señora Báez Román carecía de méritos, en vista de que era una empleada irregular sin derecho propietario sobre el puesto, ni albergaba una expectativa de continuidad tras vencerse su contrato. En segundo lugar, subrayó que la solicitud de relevo de sentencia se presentó exactamente a los seis (6) meses de dictarse la *Sentencia*, pero fundamentada con un motivo que le constaba hacía setenta y ocho (78) días. En tercer lugar, acentuó que tener que litigar el mismo asunto en dos (2) foros distintos le causaría un serio perjuicio.

Por su parte, la señora Báez Román señaló que la *Moción de relevo de sentencia* se presentó exactamente a los seis (6) meses desde que se dictó la sentencia que se solicitó dejar sin efecto y que ha sido diligente en la tramitación de su caso. Asimismo, sostuvo que nunca realizó foro *shopping*, ya que el TPI tenía jurisdicción para atender la causa de acción sobre violaciones de derechos civiles, basado en el mismo núcleo de hechos de la apelación ante la CASP. Alegó que no existía impedimento para presentar un nuevo caso ante el TPI, tras el CASP entender que carecía de jurisdicción. Planteó que la Resolución de CASP dejó sin efecto la razón por la cual se fundamentó la *Sentencia* del TPI. Además, expuso que tras el foro administrativo declararse sin jurisdicción, se encuentra en libertad de añadir causas

de acción que no alegó al presentar la *Demanda*. La recurrida planteó que, si tanto el foro administrativo como el judicial se declaran sin jurisdicción, se quedaría sin un foro para dilucidar la controversia aun cuando el TPI entendió que, tomando como ciertas las alegaciones, tenía derecho a un remedio.

Según surge del expediente, por medio de contratación que se renovaba periódicamente la señora Báez Román laboró por trece (13) años como empleada irregular de Auxiliar de Envejecientes en el Municipio. Tras no recibir el pago de la nómina posterior al 28 de agosto de 2020, el 7 de septiembre de 2020 acudió al Municipio, donde una empleada de la Oficina de Recursos Humanos le indicó que su contrato se inactivó. Luego advino en conocimiento que, desde agosto de 2020, el Municipio descontinuó su relación laboral. El 12 de marzo de 2021, la señora Báez Román presentó una apelación por discrimen con solicitud de daños y perjuicios ante la CASP. Posteriormente, el 22 de julio de 2021, la recurrida le envió una carta al Municipio, con el objetivo de interrumpir el término prescriptivo para instar una acción. No obstante a ello, pasado un (1) año y cinco (5) meses de haberse presentado la carta para interrumpir el término y más de dos (2) años de enterarse de la culminación del contrato laboral, el 22 de noviembre de 2022, la señora Báez Román presentó la *Demanda* de despido ilegal, discrimen, represalias y daños y perjuicios que nos ocupa. El 31 de octubre de 2023, el TPI emitió una *Sentencia* en la que estableció que, las alegaciones sobre violación de derechos civiles no le permitían determinar claramente si tenía jurisdicción y que, aun en la eventualidad de que el foro judicial tuviera jurisdicción, dichas alegaciones eran confusas, muy poco específicas y especulativas. Por ello, el TPI concedió la *Moción de sentencia sumaria* presentada por el peticionario y desestimó la *Demanda* sin perjuicio.

Posteriormente, el 12 de febrero de 2024, la CASP emitió una *Resolución* en la que también desestimó la apelación de la señora Báez Román. En este caso, la agencia concluyó que carecía de jurisdicción, ya que consideró que la solicitud se presentó vencido el término para instarla. La recurrida solicitó reconsideración, y el 13 de marzo de 2024, el foro administrativo emitió una *Resolución* en la que reiteró la desestimación. El 30 de abril de 2024, la señora Báez Román presentó en el foro judicial una *Moción solicitando relevo de sentencia*, fundamentada en los incisos (e) y (f) de la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. Dicha moción fue declarada Ha Lugar por el TPI y es la que da lugar al recurso que nos ocupa.

La solicitud de relevo de sentencia se presentó dentro el término de seis (6) meses posterior a que el TPI notificase la sentencia desestimatoria del caso. Respecto al contenido de dicha determinación, la misma ciertamente no dispuso de los méritos de la controversia, pues el TPI se limitó a consignar que los reclamos de la recurrida debían ser considerados en primer término por la CASP.

Por su parte la CASP desestimó la apelación de la empleada, por considerar que no tenía jurisdicción. Al acudir nuevamente ante el Foro Primario, dicho Tribunal, en el ejercicio de su discreción, consideró necesario darle paso al relevo de sentencia solicitado, a fin de brindarle un foro a la recurrida en el que se pudiese considerar, por fin, los méritos de sus reclamos. Reevaluada la totalidad del expediente no apreciamos que el TPI hubiese cometido error alguno, mucho menos uno que justifique nuestra intervención en esta etapa de los procedimientos.

**IV.**

Por los fundamentos que anteceden, reconsideramos nuestra Sentencia de 16 de agosto de 2024 y denegamos la expedición del auto solicitado. Se devuelve al Foro primario para la continuación de los procedimientos.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones